89 So.2d 102

Napoleon DUKE

v.

STATE of Alabama.

5 Div. 633.

Supreme Court of Alabama.

July 26, 1956.

A. D. Redden, Tallassee, for appellant.

John Patterson, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

MERRILL, Justice.

◼ The appeal is on the record proper without a transcript of the testimony. When so, the only question presented for review is the regularity of the proceedings in the circuit court. Harper v. State, Ala., 88 So.2d 788.

◼ But appellee has moved to dismiss the appeal for appellant's failure to comply with Supreme Court Rule 37, Revised Rules effective June 1, 1955 and amended February 17, 1956. The pertinent part of the rule, which was not affected by the amendment, reads:

"In all cases either civil or criminal, the transcript shall be filed with the clerk of this court within sixty days after the signing or establishing of the bill of exceptions or the expiration of the time for establishing the same; except in equity cases the transcript shall be filed within sixty days of the taking of the appeal. Where bills of exceptions have been abolished, the transcript of the record shall be filed in this court within sixty days after the transcript of the evidence has been established in the court below."

The verdict, judgment and sentence of the court were on July 14, 1955. A motion for a new trial was duly presented and seasonably continued until it was overruled on November 2, 1955. Notice of appeal was given on July 14, 1955, and the certificate shows that this appeal was taken on November 3, 1955, the day following the overruling of the motion for a new trial.

No extensions of time for filing the transcript of the record were requested in the court below or in this court, and no attempt was made to procure or to establish a transcript of the evidence in the court below as provided by those acts now codified as Title 7, §§ 827(1) to 827(5), Code of 1940, Pocket Part. Therefore, under Rule 37, there being no transcript of the evidence and no attempt to procure one, the transcript of the record should have been filed in this court within sixty days after November 3, 1956, or by January 2, 1956. It was filed here on June 28, 1956.

It follows that the motion to dismiss the appeal for noncompliance with Supreme Court Rule 37 should be granted. The case of Lane v. State, Ala.App., 87 So.2d 668 where the appeal was dismissed, is analogous to the instant case, the chief difference being that there the transcript of the record included the transcript of the evidence; but the record was not filed in the appellate court within the required sixty days, no extensions of time having been sought by appellant.

Parenthetically, we add that since the record in this cause consists of only eight (8) pages and it was necessary to examine each page in connection with the motion discussed supra, we could not help but no-

tice that the proceedings in the circuit court were regular and it would have been our duty to affirm the judgment of that court if the appeal had not been dismissed.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON and SPANN, JJ., concur.