98 So.2d 443

**M. L. KING, Jr.**
v.
**STATE.**

**3 Div. 9.**

Court of Appeals of Alabama.

April 30, 1957.

Rehearing Denied Aug. 13, 1957.

Arthur D. Shores, Peter A. Hall and Orzell Billingsley, Jr., Birmingham, and Fred D. Gray, and Chas. D. Langford, Montgomery, for appellant.

John Patterson, Atty. Gen., Bernard F. Sykes and Geo. Young, Asst. Attys. Gen., for State.

**168**

CATES, Judge.

M. L. King, Jr., on March 22, 1956, gave notice of appeal from a judgment of guilt and sentence passed upon him that day by the Montgomery Circuit Court.

On September 13, 1956, the Attorney General filed here a motion (1) to strike the transcript of evidence; (2) to strike the transcript of the record; and (3) to dismiss the appeal.

■ The defendant not having moved for a new trial, Act No. 97, approved February 9, 1956, Acts 1956, 1st Sp.Sess., p. 143, required the court reporter to file the transcript of evidence with the circuit clerk within sixty days after the taking of the appeal, i.e., on or before May 21, 1956. Neither we nor the trial court were asked to extend the time. Therefore, the filing by the reporter with the circuit clerk on July 31, 1956, was too late. Code 1940, Title 7, § 827(1) et seq.; Clark v. State, Ala.App., 82 So.2d 805.

■ The filing of the transcript of the record with the clerk of this court on August 10, 1956, without benefit of an order of extension was also too late. Having allowed the sixty days to file the transcript of evidence with the circuit clerk to lapse, the defendant's sixty days under Supreme Court Rule 37, as amended (263 Ala. xxi), Code 1940, Tit. 7 Appendix, began to run March 22, 1956, and expired midnight May 21–22, 1956. Lane v. State, Ala.App., 87 So.2d 668,[1] Duke v. State, 264 Ala. 624, 89 So.2d 102. Code 1940, Title 7, § 769, does not operate here and Supreme Court Rule 48 is without influence. See Watkins v. Kelley, 262 Ala. 524, 80 So.2d 247.

The motion of the Attorney General is granted. Ordered that the record including the transcript of evidence be stricken and the appeal be dismissed.

Motion granted; record stricken; appeal dismissed.

### On Rehearing

The writer entertains the view that, where, as here, no motion for a new trial is made, no extension of time is sought from the trial judge, and the transcript of testimony is not forthcoming in the 60 days running from the notice of appeal, the 60 days of Supreme Court Rule 37 for the bringing of the entire record here runs concurrently with the 60 days under Act No. 97, supra.

HARWOOD, P. J., and PRICE, J., consider this conclusion unnecessary for decision because the filing here of the record proper on August 10, 1956, some 141 days after notice of appeal, was too late under any interpretation.

Application Overruled.

1.  38 Ala.App. 487.