98 So.2d 68

John Eris NORMAN

v.

STATE.

6 Div. 440.

Court of Appeals of Alabama.
Oct. 29, 1957.

also Duke v. State, 264 Ala. 624, 89 So.2d 102; Lane v. State, 38 Ala.App. 487, 87 So.2d 668; King v. State, ante, p. 167, 98 So.2d 443; Lyons v. State, 38 Ala.App. 639, 91 So.2d 520; Brown v. State, 38 Ala.App. 638, 91 So.2d 514.

Record stricken. Appeal dismissed.

98 So.2d 66

**William Lee SMOTHERS**

**v.**

**STATE.**

**6 Div. 420.**

Court of Appeals of Alabama.

Nov. 5, 1957.

Edw. L. Ball, Bessemer, for appellant.

John Patterson, Atty. Gen., and Geo. Young, Asst. Atty. Gen., for State.

CATES, Judge.

Norman was, on June 18, 1956, adjudged guilty of carnal knowledge of a girl under the age of twelve.

He failed to present his motion for another trial to the trial judge until 31 days after judgment, thus rendering the motion and the action thereon a nullity, Clark v. State, 38 Ala.App. 480, 87 So.2d 669; Aaron v. State, ante, p. 84, 94 So.2d 415.

Calculating the time for filing the transcript of testimony from June 18, 1956, gave Norman 60 days (Act No. 97, approved February 9, 1956). The filing on August 31 was too late.

Moreover, under Rule 37 (Rev.) of the Supreme Court, Code 1940, Tit. 7 Appendix, viewed most charitably, the filing of the entire record on November 16, 1956, was tardy.

Hence, the motion of the Attorney General to strike the record and dismiss the appeal is proper, Aaron v. State, supra. See