115 So.2d 669

**Josephine LYONS**

v.

**STATE.**

8 Div. 664.

Court of Appeals of Alabama.

Nov. 10, 1959.

Russell W. Lynne, Decatur, for appellant.

MacDonald Gallion, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant has been adjudged guilty under an affidavit charging possession, etc., of prohibited liquors.

The Attorney General has filed a motion to strike the transcript of the evidence on the ground that the same was not filed with the clerk below within the time required by law.

The record shows that the appellant was adjudged guilty on 24 March 1959.

On 1 May 1959, she gave notice of appeal.

On 20 May 1959, she filed a motion for a new trial, which was continued and overruled 7 July 1959.

On 7 July 1959, appellant filed the transcript of evidence with the clerk below.

It is to be noted that the motion for a new trial was not filed until 20 May 1959, some fifty-six days after judgment.

 The motion and orders pursuant thereto were therefore functus officio, the lower court having lost jurisdiction to entertain such motion 30 days from the date of judgment. Rogers v. State, 39 Ala.App. 441, 104 So.2d 481, and cases therein cited.

We must therefore look to the date of notice of appeal in calculating the time in which the appellant should have filed the transcript of the evidence.

This date was 1 May 1959. In the absence of an extension of time for filing the transcript of the evidence, and no such extension was applied for or granted in this case, the appellant must have filed the transcript of evidence with the clerk below within sixty days of 1 May 1959. Secs. 827(1)–827(6), Tit. 7, Code of Alabama 1940; Norman v. State, 39 Ala.App. 291, 98 So.2d 68; Aaron v. State, 39 Ala.App. 84, 94 So.2d 415; Coggins v. State, ante, p. 105, 108 So.2d 188.

The transcript was not filed until 7 July 1959, obviously not within the sixty day limit.

The motion to strike the transcript of the evidence is well taken, and must be granted.

Our review is therefore confined to the record proper. We find it in all things regular.

Affirmed; motion to strike transcript of evidence granted.