123 So.2d 205

**Ned WELCH**

**v.**

**STATE of Alabama.**

**7 Div. 449.**

Supreme Court of Alabama.

Sept. 8, 1960.

Love & Hines, Talladega, for appellant.

MacDonald Gallion, Atty. Gen., and Jas. W. Webb, Asst. Atty. Gen., for State.

COLEMAN, Justice.

On February 20, 1959, in the Circuit Court of Talladega County, appellant was convicted of robbery and sentenced to thirty-five years' imprisonment in the penitentiary.

On February 24, 1959, appellant gave notice of appeal.

On March 28, 1959, motion for new trial was presented to the court and continued to a day certain.

On May 18, 1959, after further continuances, the motion for new trial was overruled.

The record does not show that the motion for new trial was ever filed.

On April 29, 1959, the court reporter certified that she had "notified counsel of record in this cause of the filing of this transcript of evidence." That certificate is appended to the transcript of the evidence taken on the main trial. Except for the recital in the reporter's certificate quoted above, we find nothing to show that the transcript of that evidence was ever filed with the circuit clerk.

Evidence was taken on the hearing of the motion for new trial. The transcript of that evidence was certified as true and correct by the court reporter on May 29, 1959, and filed with the circuit clerk on the same day.

On June 23, 1959, the record, containing both transcripts of evidence mentioned above, was filed in this court.

On August 25, 1959, the state filed in this court a motion to strike the transcript of evidence on the ground that the transcript of evidence was not filed in the trial court within sixty days after the taking of the appeal, and that the time for filing the transcript of evidence was not extended by the judgment overruling the motion for new trial because the judgment on that motion was a nullity for two reasons, first, the motion was never filed in the circuit court, and, second, the motion was not presented to the court within thirty days after the date on which the judgment of conviction and sentence was rendered.

The appeal was set for oral argument in this court on January 12, 1960, but was continued to May 19, 1960. On May 19, 1960, appellant filed in this court a petition for certiorari

"* * * to direct the Honorable A. K. Wood, Clerk of the Circuit Court of Talladega County, Alabama to amend the original transcript filed in this cause by adding thereto the date of the filing for a motion for a new trial for the defendant in the Circuit Court of Talladega County, Alabama.

"Your petitioner avers that the petition was filed with the Clerk of the Circuit Court within thirty days of the date of sentencing.

"That the said original transcript was filed by the Clerk of the Circuit Court with the Clerk of the Supreme Court of Alabama, without notice to the defendant and that defendant had no opportunity to examine that part of the transcript prepared by the Clerk of the Circuit Court and therefore had no opportunity to object to that portion of the transcript which was erroneous."

Also on May 19, 1960, the cause was submitted in this court on: the state's motion to strike, appellant's petition for certiorari, and on the merits.

Motion to Strike.

■ The statute abolishing bills of exceptions as amended by Act No. 97, approved February 9, 1956; 1956 Acts, page 143; 1957 Supplement, Code of 1940, Title 7, §§ 827(1) (4); recites in pertinent part as follows:

"Section 1. * * *. The Court Reporter shall * * * transcribe the evidence * * * and file it with the Clerk within sixty days from the date on which the appeal was taken, or within sixty days from the date of the court's ruling on the motion for a new trial, whichever date is later, * * *."

Section 2 of Act No. 97; Title 7, § 827(4); is to the same effect, with the proviso " * * * that this period may be extended by the trial court for cause."

The statute clearly requires that the transcript of evidence be filed in the trial court within sixty days after two possible dates.

The first is "the date of the taking of the appeal." Appeal here was taken February 24. Relf v. State, 267 Ala. 3, 5, 99 So.2d 216. The sixtieth day thereafter was April 25. Giving the appellant the most favorable inference that can be drawn from the record before us and assuming that the transcript of evidence was filed on the date of the court reporter's certificate, April 29, we conclude, nevertheless, that the transcript of evidence was filed four days late.

The second possible date from which the sixty days can be counted is "the date of the court's ruling on the motion for new trial." That date was May 18. Under the assumption most favorable to appellant, the transcript of evidence was filed before May 18, and filing was timely if the court had jurisdiction to rule on the motion for new trial.

§ 119, Title 13, Code 1940, recites in pertinent part as follows:

"* * * after the lapse of thirty days from the date on which a judgment * * * was rendered, the court shall lose all power over it * * * unless a motion to * * * grant a new trial has been (1) filed and (2) called to the attention of the court, and (3) an order entered continuing it for hearing to a future day; * * *." (Par. supplied.)

The judgment here was rendered February 20. The thirtieth day from or after that date was March 22. The motion for new trial was never filed so far as appears from the record before us. The motion was presented to the trial court on March 28, but that was more than thirty days from the date on which the judgment was entered and jurisdiction of the circuit court to grant or refuse the motion for new trial never existed. Pate v. State, 244 Ala. 396, 401, 14 So.2d 251; Ex parte United States Hoffman Machinery Company, Ala., 118 So.2d 914. As a result, there was no valid ruling on the motion for new trial and the sixty days cannot be reckoned from the date of the purported ruling of May 18, which is a nullity. Appellant, therefore, was required to procure the filing of the transcript of evidence within sixty days from the date of the taking of the appeal. He did not do that. It does not appear from the record that the time for filing such transcript with the clerk was extended by the trial court for cause, or that appellant applied to the trial court for such extension.

On the record before us, the transcript of evidence was not timely filed and the motion to strike it must be granted, Relf v. State, supra; Granger v. State, 39 Ala. App. 461, 103 So.2d 835; unless the petition for certiorari brings about a different result.

Petition for Certiorari.

■ Rule 18 of the Revised Rules of this court, Title 7, 1955 Pocket Parts, Code

1940, Appendix; 261 Ala. XXVI; formerly Rule 19; recites as follows:

"A certiorari to perfect or bring up a complete record may be awarded, on motion of either party, *at any time before the submission of the cause,* if its object be to sustain a judgment, without a showing; but if to reverse a judgment, a sufficient showing must be made." (Emphasis supplied.)

The italicized phrase appears to have been inserted in the last revision to make clear the construction theretofore placed on old Rule 19. This court has said:

"The rule of practice, 19, supra, provides the parties, on the suggestion of a diminution of the record and motion for certiorari, a remedy to perfect the record, and it was the duty of the appellant, before submitting his case, to pursue this remedy; but having submitted the case without doing so, the court has no other alternative than to dispose of the case on the record as it now stands." Hogg v. Jenifer Iron Company, 215 Ala. 683, 112 So. 207; McGriff v. McGriff, 242 Ala. 69, 4 So. 2d 507.

" * * * if the appellant submits on the record without suggesting a diminution, he waives his right to certiorari to perfect the record, and this court will proceed to dispose of the case on the record as it is. (Citation omitted.)" Allen v. Allen, 223 Ala. 223, 225, 135 So. 169, 170.

"We have consistently held that Revised Rule 18, supra, imposes the duty on the appellant, before submission of his case, to pursue this remedy; but, having submitted the case without doing so, the court has no other alternative but to dispose of the case on the record as it now stands. (Citations omitted) * * *." Bowlin v. Bowlin, 267 Ala. 655, 656, 104 So.2d 630, 631.

See also: Rushing v. State, 40 Ala.App. 361, 113 So.2d 527.

Appellant's petition for certiorari to perfect the record must be denied because he did not pursue the remedy provided by Rule 18 *before submission.*

■ If, however, the submission should now be set aside and certiorari to perfect the record awarded, the perfection of the record in accordance with the petition for certiorari would not cure all the defects which made the purported judgment of May 18, overruling the motion for new trial, coram non judice. That purported judgment was void for three reasons.

First, the record does not show that the motion for new trial was filed within thirty days. The petition for certiorari avers that the record, if corrected, would show that the motion was filed within thirty days. Taking that averment as true, certiorari would cure one defect.

The other defects, however, are that the motion for new trial was not presented to the trial court and an order entered thereon within thirty days. The petition for certiorari does not show that these two defects would be curved by certiorari, and granting the petition in that situation would be useless.

## On the Merits.

With certiorari denied, we are confined to the record before us. On that record, the motion to strike the transcript of evidence must be granted. Our review then is limited to the record proper. No error appearing therein, the judgment is due to be affirmed.

Motion to strike granted.

Petition for certiorari denied.

Judgment affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.