132 So.2d 141

## M. C. FREEMAN

v.

## STATE of Alabama.

### 4 Div. 66.

Supreme Court of Alabama.

June 29, 1961.

M. C. Freeman, pro se.

MacDonald Gallion, Atty. Gen., and Dwight W. Bradley, Asst. Atty. Gen., for State.

STAKELY, Justice.

This appeal is on the record proper without a transcript of the testimony. In

this situation the only question presented for review by this court is regularity of the proceedings in the circuit court. Duke v. State, 264 Ala. 624, 89 So.2d 102. But the appellee has moved to dismiss the appeal for appellant's failure to comply with Supreme Court Rule 37. Revised Rules effective June 1, 1955, and amended February 17, 1956. We set out the pertinent part of the rule as follows:

"In all cases, either civil or criminal, the transcript shall be filed with the clerk of this court within sixty days after the signing or establishing of the bill of exceptions or the expiration of the time for establishing the same; except in equity cases the transcript shall be filed within sixty days of the taking of the appeal. Where bills of exceptions have been abolished, the transcript of the record shall be filed in this court within sixty days after the transcript of the evidence has been established in the court below. * * *."

It appears in the record filed in this court that there was no attempt on the part of the appellant to procure a transcript of evidence in the trial court. Neither does there appear in this record any order extending the time for the filing of the record in this cause on appeal. The appellant filed no motion for a new trial in this cause.

This court has held that where as in the case at bar, there is no attempt to procure or to establish the transcript of evidence in the court below as provided in §§ 827(1)–827(5), Title 7, Code of 1940, the record must be filed in this court within sixty days from the date on which the appeal was taken and if this is not done, the record will be stricken and the appeal will be dismissed. Duke v. State, supra. Relf v. State, 267 Ala. 3, 99 So.2d 216. The record in the instant case shows that the defendant was tried, convicted by the jury, sentenced by the court and gave notice of appeal on November 30, 1960. The record in this cause was not filed in this court until the 14th day of February 1961, which was more than sixty days after the date on which the appellant gave notice of appeal. We have no alternative but to dismiss the appeal.

As we stated in Duke v. State, supra, we might add that since the record in this case consists of only four pages and it was necessary to examine each page in connection with the motion to which we have referred, we could not help but notice that the proceedings in the circuit court were regular and it would have been our duty to affirm the judgment of that court if the appeal had not been dismissed.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.