133 So.2d 246

**Ralph KEENE**

v.

**STATE of Alabama.**

6 Div. 645.

Supreme Court of Alabama.

Sept. 21, 1961.

Ralph Keene, pro se.

MacDonald Gallion, Atty. Gen., and Dwight W. Bradley, Asst. Atty. Gen., for State.

LAWSON, Justice.

Appellant was indicted, tried and convicted of murder in the second degree, was sentenced for a term of thirty-five years in the penitentiary, and has appealed.

■ The State has filed a motion to dismiss the appeal for appellant's failure to comply with Supreme Court Rule 37, Revised Rules, effective June 1, 1955, and amended February 17, 1956. The pertinent part of the Rule, which was not affected by the amendment, reads:

"In all cases, either civil or criminal, the transcript shall be filed with the clerk of this court within sixty days after the signing or establishing of the bill of exceptions or the expiration of the time for establishing the same; except in equity cases the transcript shall be filed within sixty days of the taking of the appeal. Where bills of exception have been abolished the transcript of the record shall be filed in this court within sixty days after the transcript of the evidence has been established in the court below. * * "

The verdict, judgment and sentence of the court were on March 31, 1960. A motion for a new trial was duly presented and the hearing thereon continued until May 20, 1960.

No further orders pertaining to the motion for new trial were made until September 9, 1960, when it was dismissed. See Relf v. State, 267 Ala. 3, 99 So.2d 216.

On September 9, 1960, the appellant filed another motion for a new trial, which was overruled on the same day. This motion was filed much too late.

The appeal was taken on September 16, 1960, after the trial court had ruled adversely on the appellant's motions for new trial.

No extension of time for filing the transcript of record was requested in the court below or in this court, and no request was made of the court reporter for a transcript of the evidence, nor was any effort made to establish a transcript of the evidence in the court below, as provided by those acts now included in the Pocket Part of Vol. 2 of the Code of 1940 as §§ 827(1) to 827(5), Title 7.

Therefore, under Rule 37, there being no transcript of the evidence and no proper attempt to procure one, the transcript of record should have been filed in this court within sixty days after September 16, 1960, the day on which the appeal was taken, or by the 15th day of November, 1960. It was filed here on November 18, 1960. Duke v. State, 264 Ala. 624, 89 So.2d 102.

It follows that the State's motion to dismiss the appeal because it was not in compliance with Supreme Court Rule 37 should be granted. Duke v. State, supra; Calvert v. Calvert, 265 Ala. 529, 92 So.2d 891.

The appellant has asserted in brief and in motions filed in this court that he was denied due process of law in the course of the trial which led to his conviction in that he was denied right to counsel and was convicted on the testimony of a witness known by the prosecution to be insane.

■ The dismissal of this appeal does not in any wise prejudice the right of the appellant to attack the validity of his con-

viction in a petition for writ of error coram nobis. See Griffin v. State, 258 Ala. 557, 63 So.2d 682.

Appeal dismissed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.