150 So.2d 198

James Marvin **ALBERT**

v.

**STATE of Alabama.**

l Div. 45.

Supreme Court of Alabama.

Dec. 20, 1962.

Rehearing Denied Feb. 28, 1963.

Granade & Granade, Chatom, for appellant.

**580**

MacDonald Gallion, Atty. Gen., Bernard F. Sykes, Asst. Atty. Gen., and Roy E. Hicks, Montgomery, Legal Research Aide, for the State.

SIMPSON, Justice.

Appellant was indicted, tried and convicted of murder in the first degree and was sentenced to life imprisonment.

The State has moved to strike the court reporter's transcript of the testimony, and in the alternative to strike the transcript of the record on appeal, and to dismiss the appeal, because the transcript was not filed with the Clerk of the Circuit Court within the time allowed by law; and because the transcript was not filed with the Clerk of this Court within the time allowed by law.

Appellant expressed a desire to appeal on November 1, 1961 when the judgment was entered by the lower court, it being so noted in the judgment entry. The trial court retained jurisdiction for ruling on appellant's motion for a new trial and denied the motion on January 4, 1962. The transcript of the testimony was filed with the Clerk of the Circuit Court on March 24, 1962, some 80 days from the ruling on the motion for a new trial. Another notice of appeal was found in the record dated February 3, 1962, some 49 days before the transcript was filed with the Clerk of the Circuit Court.

The governing statutes, § 827(1) and (4), Tit. 7, Code of Ala. 1940, as Amended, provide that the court reporter's certified transcript shall be filed with the Clerk of the Circuit Court within 60 days from the date of the taking of the appeal or within 60 days from the date of the court's ruling on the motion for a new trial, whichever date is later.

■ Section 368, Tit. 15, Code of Ala. 1940, as Amended, concerns the manner of taking appeals in criminal cases providing two alternatives:

"§ 368. *Manner of taking appeals.*— Appeals in criminal cases must be taken at the time of sentence or confession of judgment, or within six months thereafter in manner following: (a) An entry of record that defendant appeals from the judgment with or without suspension of judgment, as he may elect, to be taken at the time of judgment rendered; or, (b) The filing of a written statement signed by the defendant or his attorney that the defendant appeals from the judgment, the statement to be filed within six months; provided, however, that the trial court shall retain jurisdiction of the cause for the purpose of hearing and determining a motion for a new trial, seasonably made, and any appeal from a judgment of conviction shall also raise the question of the correctness of the court's ruling on a motion for a new trial made within the time allowed, and in the manner prescribed by law."

From the record it appears to us that appellant first elected to proceed in accordance with (a) above, and having so elected must be bound thereby unless some other date is appropriate for the computation of the sixty day period, because an appeal in a criminal case is deemed perfected if the defendant upon the rendition of a judgment expresses a desire to appeal (Relf v. State, 267 Ala. 3, 99 So.2d 216; McDaniel v. State, 39 Ala.App. 157, 96 So.2d 319; Campbell v. State, 182 Ala. 18, 62 So. 57; Sherman v. State, 15 Ala.App. 175, 72 So. 755; Ex parte State ex rel. Coburn, 20 Ala.App. 595, 104 So. 346; and other cases cited in Ala.Dig. Criminal Law, ☞1069[1], and ☞1106[2]) and the computation of the time allowed for filing the transcript must be calculated therefrom.—Authorities, supra.

■ Here, however, a motion for a new trial was timely filed, the trial court denying the motion on January 4, 1962. Under the mandate of the statutes, § 827(1) and (4), Tit. 7, Code of Ala. 1940, as Amended, this is the date from which the

60 day period must be calculated.—Relf v. State, supra. It appears that more than 60 days had elapsed from this date until the filing of the transcript. It being clear, therefore, that the rule has not been complied with, the motion to strike the transcript of testimony must be regarded as well taken.

For other analogous cases see: Hornbuckle v. State, 268 Ala. 347, 105 So.2d 864; Freeman v. State, 272 Ala. 412, 132 So.2d 141; Keene v. State, 272 Ala. 596, 133 So.2d 246; Welch v. State, 271 Ala. 199, 123 So.2d 205.

We might add by way of gratuitous dictum that although not required to do so, we have studied the entire record in the case, and are convinced that no reversible error is made to appear.

From the foregoing it is manifest that the motion being well taken in its first alternative, the appeal must be dismissed.

Motion granted and case dismissed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.