Ralph KEENE, Appellant,

v.

William C. HOLMAN, Warden, Kilby
Prison, Montgomery, Alabama,
Appellee.

No. 20822.

United States Court of Appeals
Fifth Circuit.

April 16, 1964.

Ira DeMent, Montgomery, Ala., for appellant.

Richmond M. Flowers, Atty. Gen. of Alabama, John C. Tyson, III, Asst. Atty. Gen. of Alabama, Montgomery, Ala., for appellee.

Before MARIS,* GEWIN and BELL, Circuit Judges.

PER CURIAM.

This is an appeal by Ralph Keene from the denial by the United States District Court for the Middle District of Alabama of his petition for a writ of habeas corpus. Keene is being confined in Kilby prison under a sentence of 35 years imprisonment imposed upon him on his conviction in the Circuit Court of Walker County, Alabama, on a charge of second degree murder. Boiled down to its essentials the petition asserted that petitioner was denied counsel at his trial and was convicted through the testimony of a witness whom the prosecution knew to be insane. The district court denied the petition without a hearing, holding that the Circuit Court of Walker County had fully and impartially heard and decided all of the petitioner's contentions upon his petition filed in that court for a writ of error *coram nobis*.

Our examination of the record satisfies us that the petitioner's contention with respect to the alleged insane witness was fully and fairly considered and decided by the State court and that it was not necessary for the district court to conduct a plenary hearing thereon. But we cannot agree that this is so with respect to petitioner's contention that he had been denied counsel at his trial. Petitioner distinctly raised this contention in his petition to the Circuit Court of Walker County for a writ of error *coram nobis*. That court, however, considered only whether he had been given

* Of the Third Circuit, sitting by designation.

sufficient time to obtain counsel, not whether he, an indigent defendant who had pleaded not guilty by reason of insanity, had been deprived of the benefit of appointed counsel for his defense. On that question, therefore, the district court should have given the petitioner a plenary hearing. Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770.

The judgment of the district court will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.