**Ralph KEENE, Petitioner,**

v.

**William C. HOLMAN, Warden, Kilby Prison, Montgomery, Alabama, Respondent.**

**Civ. A. No. 1947–N.**

United States District Court
M. D. Alabama, N. D.
July 10, 1964.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., Montgomery, Ala., for respondent Holman.

Ira DeMent, Montgomery, Ala., court-appointed attorney for petitioner Keene.

JOHNSON, District Judge.

The petitioner, Ralph Keene, on or about July 1, 1963, presented to this Court his application for leave to file and proceed in forma pauperis on his petition for a writ of habeas corpus. Upon consideration thereof, this Court, on July 1, 1963, directed that said petition for a writ of habeas corpus be filed without the prepayment of fees and costs and further ordered and directed that William C. Holman, Warden, Kilby Prison, Montgomery, Alabama, appear and show cause why this Court should not order the writ of habeas corpus issued. As directed by this Court, William C. Holman, through the Attorney General of the State of Alabama, on July 11, 1963, filed his return and answer to petitioner Keene's application for the writ.

Upon that submission and without any hearing and testimony, this Court on July 19, 1963, found that on or about September 15, 1959, under the authority of a duly executed complaint and warrant, Keene was arrested by the authorities of Walker County, Alabama, and charged with the offense of murder. It was further found and determined that Keene was indicted for this offense in November of 1959 by a grand jury that reported to the Circuit Court of Walker County, Alabama. Upon arraignment Keene entered a plea of not guilty and a special plea of not guilty by reason of insanity. Upon the trial of this charge, he was convicted by a jury, and his punishment was fixed at imprisonment in a State penal institution for a term of 35 years; this is the sentence that Keene is presently serving. From that conviction, Keene attempted to appeal, but failed to perfect same. Keene v. State, 272 Ala. 596, 133 So.2d 246, cert. denied 369 U.S. 866, 82 S.Ct. 1032, 8 L.Ed.2d 85. In July, 1962, Keene filed his petition for a writ of habeas corpus in the Circuit Court of Montgomery County, Alabama. After a hearing thereon, his petition was denied. This denial was affirmed. Keene v. Wiman, 274 Ala. 219, 147 So.2d 817. From this affirmance, Keene's application for a writ of certiorari to the Supreme Court of the United States was made and denied. Keene v. Holman, May 13, 1963, 373 U.S. 917, 83 S.Ct. 1307, 10 L.Ed.2d 417. In March, 1962, Keene filed in the Circuit Court of Walker County, Alabama, his petition for a writ of error coram nobis. Upon this petition the Circuit Court of Walker County, Alabama, ordered that Keene be brought before the court, and counsel was duly appointed to represent him upon this coram nobis proceeding. The hearing was conducted in April, 1962, and the court, after formal findings and conclusions, denied his petition for a writ of error coram nobis. This Court upon the submission of July 19, 1963, was therefore presented with the question of whether this Court would set Keene's petition for a plenary hearing or deny his petition for a plenary hearing and determine that the State of Alabama had conducted a complete and impartial inquiry into the merits of each of the petitioner's contentions. Upon

that submission this Court, in its formal order, found and determined that the Circuit Court of Walker County, Alabama, had presented to it in the coram nobis proceeding substantially the same questions that were presented to this Court in Keene's habeas corpus petition. This Court further found and concluded that the Circuit Court of Walker County, Alabama, had made inquiry into, made findings and conclusions with reference to, and fully and fairly adjudicated the contentions that Keene presented to this Court in his petition for a writ of habeas corpus. Upon said findings and by the authority of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, this Court declined to conduct a plenary hearing and dismissed the application for a writ of habeas corpus.

The United States Court of Appeals for the Fifth Circuit in Keene v. Holman (April 16, 1964), 330 F.2d 956, in reversing this Court's action in denying the petition for a plenary hearing, stated:

"Our examination of the record satisfies us that the petitioner's contention with respect to the alleged insane witness was fully and fairly considered and decided by the State court and that it was not necessary for the district court to conduct a plenary hearing thereon. But we cannot agree that is so with respect to petitioner's contention that he had been denied counsel at his trial. Petitioner distinctly raised this contention in his petition to the Circuit Court of Walker County for a writ of error coram nobis. That court, however, considered only whether he had been given sufficient time to obtain counsel, not whether he, an indigent defendant who had pleaded not guilty by reason of insanity, had been deprived of the benefit of appointed counsel for his defense. On that question, therefore, the district court should have given the petitioner a plenary hearing. Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770."

Pursuant to the opinion and mandate of the United States Court of Appeals for the Fifth Circuit, this Court set this cause for a hearing for June 26, 1964. For this hearing the counsel for both the petitioner and respondent stipulated and agreed as to the issues. This stipulation filed with the Clerk of this Court on June 25, 1964, reflects that the matter was to be submitted to this Court only upon two issues, as follows:

1. Whether or not petitioner Keene intelligently waived his constitutional right to counsel on his original trial; and

2. Whether or not he was indigent at the time of said original trial and immediately prior thereto.

Upon this submission, consisting of the oral testimony of several witnesses and the exhibits thereto, a complete transcript of the State court proceedings upon petitioner Keene's coram nobis hearing, and a complete transcript of the proceedings taken upon the original trial entitled State of Alabama v. Ralph Keene, Fourteenth Judicial Circuit of Alabama, Case No. 1429, said trial taking place on March 28–31, 1960, this Court now finds that Keene was arrested on September 15, 1959, on a charge of murder, by the Sheriff of Walker County, Alabama, and committed to the Walker County Jail. Keene was without funds to employ counsel, and certain members of his family employed the Honorable James E. Wilson, Attorney at Law, Jasper, Alabama, to secure for him a preliminary hearing and, if possible, have him released on bond. It was agreed between the members of Keene's family and attorney Wilson that Wilson would receive for this service the sum of $300. This amount was paid. It was further agreed between Keene's family and Wilson that if Keene was released on bond Wilson would represent Keene on the trial of this case for the sum of $1,500, the $300 payment to be applied upon that total attorney's fee. After the preliminary hearing, Keene was released on bond and was later indicted by the November, 1959, grand jury

for murder in the second degree. In March, 1960, the case was scheduled for trial. The remainder of the attorney's fee had not been paid attorney Wilson, and upon several occasions prior to the trial he put Keene on notice that he could not and would not represent him unless the full amount of the agreed fee had been paid. Attempts were made by Keene and other members of his family to secure counsel, including the Honorable Robert MacLaurin, another attorney of Jasper, Alabama; these efforts met with no success. These attempts on the part of Keene and the members of Keene's family, particularly his wife, to secure counsel continued up until the morning of the trial. The Honorable Alton M. Blanton, Circuit Judge, Fourteenth Judicial Circuit, the Judge who presided at Keene's trial, testified that about one or two weeks before the trial Keene came by his office and advised him that a "New York lawyer" and Mr. Wilson were going to represent him on the trial of this case. However, on the morning of the trial and prior to the time the trial commenced, Keene again came to visit Judge Blanton and advised the Judge that Wilson would not represent him since he had not been able to pay him the agreed fee; he also advised the Judge that his "New York lawyer" had not arrived. There was some discussion concerning whether attorney MacLaurin represented Keene, and the Judge contacted attorney MacLaurin who, in turn, advised Judge Blanton that he had not been employed by Keene and had no interest in his case as his attorney. Judge Blanton further testified that Keene advised him, "I do not need a lawyer; I will represent myself." Judge Blanton testified, without contradiction, that at that time he was prepared to appoint Keene a lawyer "if he had requested it." After the case was called for trial, Judge Blanton offered to appoint counsel to help Keene strike the jury. There was no evidence in this case that indicated that counsel was ever offered Keene for the trial of the case by the Circuit Judge, and there was no evidence in this case that

indicated that Keene was aware that he was entitled to and would have been afforded counsel if he had requested it. Keene, with no legal experience and with only a sixth or seventh grade education, represented himself upon the trial of the case.

From the evidence in this case, this Court specifically finds that at all times material to this case Ralph Keene was indigent to the extent that he was without sufficient funds or property to enable him to employ counsel to represent him upon the trial of the case. State of Alabama v. Ralph Keene, Fourteenth Judicial Circuit, Case No. 1429. As a matter of fact, the State of Alabama Public Welfare Service had previously investigated and determined that Keene and his family were entitled to receive public welfare funds. In this connection, see Adkins v. E. I. DuPont De Nemours Co., 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43, and Ivey v. Holman, D.C., 222 F.Supp. 869.

The stipulation of the parties with reference to the question of whether petitioner Keene intelligently waived his constitutional right to counsel on his original trial in the State court eliminates the necessity of this Court now determining whether Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, decided in March, 1963, is retroactive and therefore applicable in this particular case. The stipulation restricts the particular issue in this case concerning entitlement to counsel as to whether or not Keene "intelligently waived his constitutional right to counsel." Thus, by the stipulation, it is conceded by the respondent in this case that Keene had a constitutional right to counsel on his original trial in State court in March, 1960. It is also conceded that if Keene were indigent and if he did not intelligently waive his constitutional right to counsel on his original trial in the State court, the failure of the trial court to appoint counsel for him, or at least advise him as to his rights to have counsel, deprived him of rights guaranteed by the Fourteenth Amendment.

Carnley v. Cochran, etc., 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70. On this question of whether Keene intelligently waived this constitutional right to counsel, this Court now specifically finds and concludes that he did not. The evidence in this case is clear that Keene was a man with limited education, without funds and for that reason unable to hire counsel; that he needed and desired an attorney or attorneys to represent him in this case, and that he attempted upon several occasions to secure one without having the funds to do so. Furthermore, the evidence is clear that no counsel was appointed to represent him and no explanation was ever made to Keene by the State judge, or any other official, that he was entitled to be represented by an attorney. There is no evidence in this case that indicates that Keene was aware of the practice of the State court, as testified to by the State judge, of appointing counsel if the defendant requested it. The offer on the part of the State judge to appoint counsel to assist Keene to strike the jury is not sufficient. Under the evidence in this case this Court does now conclude that Keene did not intelligently and understandingly waive counsel on his original trial in the Fourteenth Judicial Circuit Court of Alabama and that the failure on the part of the State of Alabama to appoint counsel to represent him in that case—a serious felony—had the effect of depriving him of a constitutional right as guaranteed to him by the Fourteenth Amendment to the Constitution of the United States. Carnley v. Cochran, supra; Gideon v. Wainwright, supra. It follows that Keene's discharge from incarceration based upon the judgment of the Circuit Court of Walker County, Alabama, in Case No. 1429, on March 31, 1960, said judgment ordering Keene's imprisonment in the penitentiary of the State of Alabama for a term of 35 years, is necessitated in this case.

In accordance with the foregoing and for good cause, it is the ORDER, JUDGMENT and DECREE of this Court that the verdict of guilty, the judgment of conviction, and the sentence pronounced thereon in the Circuit Court of Walker bama v. Ralph Keene, Fourteenth Judicial Circuit of Alabama, Case No. 1429, on March 31, 1960, be and each is hereby declared void and invalid as being in violation of Ralph Keene's constitutional rights.

It is the further Order, Judgment and Decree of this Court that Ralph Keene be discharged from the custody of the State of Alabama and from the custody, of William C. Holman, as Warden of Kilby Prison, Montgomery, Alabama, and from the custody of any other officers, employees, or agents of the State of Alabama, which custody is pursuant to the conviction and judgment of the Circuit Court of Walker County, Alabama, which was pronounced on March 31, 1960. It is Ordered that Ralph Keene's discharge from said custody be not later than 10 a. m., July 20th, 1964.

It is Ordered that the costs incurred herein be and they are hereby taxed against the respondent, for which execution may issue.