Ned WELCH, Petitioner,

v.

W. C. HOLMAN, Warden, Kilby Prison, Respondent.

Civ. A. No. 2241-N.

United States District Court
M. D. Alabama, N. D.

Oct. 18, 1965.

972

Richmond M. Flowers, Atty. Gen., State of Alabama, and John C. Tyson III, Asst. Atty. Gen., for respondent Holman.

Oakley Melton, Jr., Montgomery, Ala., Court-appointed attorney for petitioner Welch.

JOHNSON, District Judge.

The petitioner, Ned Welch, by order of this Court made and entered in this case on July 21, 1965, filed in forma pauperis his application for a writ of habeas corpus. On the same date, upon the request of the petitioner, the Honorable Oakley W. Melton, Jr., attorney at law, Montgomery, Alabama, was appointed to represent the petitioner.

Welch alleges that he is presently incarcerated by the State of Alabama at Kilby Prison, Montgomery, Alabama, in violation of his constitutional rights. His basic complaint is that his constitutional rights were violated by the State of Alabama, acting through the Circuit Court of Talladega County, Alabama, in February, 1959, during which period Welch was prosecuted and convicted for the offense of armed robbery and upon said conviction sentenced to the State penitentiary for a term of thirty-five years. The petitioner is presently serving the sentence as imposed upon that conviction.

As required by the order of this Court, William C. Holman, Warden, Kilby Prison, Montgomery, Alabama, appeared in this cause through his attorney, the Attorney General for the State of Alabama, by filing on August 10, 1965, a return and answer to Welch's petition. As a part of the return and answer of respondent Holman, a motion to dismiss the petition for habeas corpus was presented. This motion to dismiss was renewed on September 2, 1965, and this Court, by formal order made and entered herein on September 3, 1965, determined and held that the matter was not to be disposed of on a motion to dismiss but that a plenary hearing was to be conducted. The hearing was set and conducted Saturday, October 2, 1965. By agreement between counsel for the parties in a pretrial conference, it was determined and held that petitioner Welch had exhausted the remedies available to him in the courts of the State of Alabama, as required by Title 28, § 2254, United States Code. Upon this pretrial hearing it was also determined that the inquiry to be conducted by this Court would be upon the following issues:

1. As to whether or not the action of the judge of the Circuit Court of Talladega County, Alabama, in excusing certain prospective jurors who were summoned to appear for the regular and spe-

cial venires for the Circuit Court in Talladega County, Alabama, for the week commencing Monday, February 16, 1959, said action having been taken in open court and in chambers when petitioner Welch was not present personally, but was represented by his retained counsel, deprived Welch of a constitutional right.

2. As to whether the State of Alabama, acting by and through its circuit court reporter and the Alabama Supreme Court, denied Welch "equal protection" and "due process" as guaranteed by the Constitution of the United States by, first, dismissing his appeal and, second, failing to provide him counsel to brief and argue his appeal from the Circuit Court conviction.

Upon this submission this Court specifically finds that the petitioner was arrested by the State authorities on May 8, 1958, and charged with the capital offense of armed robbery. An indictment was returned against the petitioner at the fall 1958 term when the grand jury for the Circuit Court of Talladega County, Alabama, reported for the fall 1958 session. The petitioner was released on bond October 9, 1958, and throughout the arraignment and trial was represented by Attorney Euel Love of Talladega, Alabama. Attorney Love was personally retained and paid by the petitioner. After his arraignment, petitioner Welch's case was set for trial to commence on Monday, February 16, 1959. Prior to that and on February 9, 1959, both regular and special venires of some 90 jurors were drawn in open court. These prospective jurors were drawn at a time when petitioner Welch and his counsel were present; at this time a list of these regular and special prospective jurors was personally served on Welch. On Monday, February 16, 1959, when Welch's case was called for trial, the Court was notified by his counsel that Welch had been arrested and was being detained in the State of Tennessee; whereupon the State of Alabama considered forfeiting Welch's bond, but then, at the request of Welch's counsel, agreed to have the case postponed until Wednes-

day, February 18, 1959. The facts are undisputed that in Welch's absence, but with his retained counsel being present, the Circuit Judge who was presiding during that term of court, Monday, February 16, 1959, excused some of the prospective jurors from both the regular and special venires. Some of the prospective jurors who appeared on the list compiled after the 90 jurors were drawn in open court on February 9, 1959, were not found by the sheriff; many others claimed exemptions, and several of the other prospective jurors, both from the regular and special venires, were excused for various reasons by the judge. This action by the judge was taken with the full knowledge of, and without any objection on the part of, Welch's retained counsel. It is important to note that all this occurred prior to the time Welch's case had been called for trial and occurred during a time when the State Circuit Judge was organizing the jury for the trial of several cases in addition to the case against petitioner Welch. It is also significant to note that these proceedings occurred prior to the time it was determined by the Court that the jurors were generally qualified to serve as jurors under the law of the State of Alabama. This Court specifically finds that each and every juror, both from the regular and prospective jury venires, who were excused by the Circuit Judge were excused at a time when they were prospective jurors and prior to the time they had been qualified as jurors generally and certainly prior to the time the case against petitioner Welch was called for trial. No action was taken, other than at the request of Welch's retained counsel, out of the presence of Welch that concerned specifically the Welch case except the continuance of the case from Monday until Wednesday in lieu of the forfeiture of Welch's bond.

There is no question that an accused in a capital case has a constitutional right to be continuously present at all stages of the proceedings from arraignment to final sentence, including a proceeding where jurors for the trial of

the case are challenged and their qualifications inquired into. Hopt v. People of Territory of Utah, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262; Lewis v. United States, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011. See also Chaney v. State, 36 Ala.App. 374, 56 So.2d 385. This does not mean, however, that the judge of a court cannot organize his court and qualify his prospective jurors generally, without bringing into court for such a proceeding each and every defendant who may be tried during the entire term; such a procedure would impose an impossible burden upon the trial judges. It would be impossible for a trial judge to organize the jury generally with lawyers and their clients who would possibly, and probably, have different ideas about which jurors they wanted excused and retained, and about interrogating the panel, objecting, and actively participating in the general qualifications proceeding. In the absence of some specific showing of prejudice, of which there is none in this case, the determination of the general qualifications of jurors, before a specific case is called for trial, is a matter for the trial judge to handle and not for the defendants or their attorneys. Hopt v. People of Territory of Utah, Lewis v. United States, and Chaney v. State, all supra, do not hold otherwise. In each of those cases the action by the trial court was taken *after* the specific case had been called for trial, and the challenging and excusing of the jurors related to the qualifications of the jurors for the specific criminal case and not to their general qualifications. This Court specifically finds and concludes that petitioner Welch was not deprived of any constitutional right when the trial court of Talladega County, Alabama, excused the prospective jurors from the general and special venires on Monday in Welch's absence.

With reference to the petitioner's contention that the State of Alabama has denied him equal protection and due process, as those rights are guaranteed by the Constitution of the United States, by reason of his appeal having been dismissed for failure of the State authorities (the court reporter and the clerk) to file timely the transcript of evidence, this Court finds that the failure to file timely the transcript of evidence was due solely to the failure of Welch's retained counsel to file timely his motion for a new trial. In this connection, see Title 7, § 827(1) (4), Code of Alabama, as Recompiled 1958. It is clear under this statute that the transcript of evidence is required to be filed in the trial court within 60 days after two possible dates, the first possible date being the date of the taking of the appeal. In this case Welch's appeal was taken on February 24, 1959; using this as a critical date, it appears that the transcript was filed four days late. However, the other date from which the 60 days can be counted is the date the trial court ruled on the motion for a new trial; in this case that date was May 18. As the law requires under the "assumption most favorable to appellant," Welch v. State, 271 Ala. 199, 123 So.2d 205, the filing of Welch's transcript was timely if the court had jurisdiction to rule on the motion for a new trial. However, under § 119, Title 13, Code of Alabama, trial courts lose all power over the case unless a motion for a new trial has been filed and called to the attention of the court and an order entered thereon within 30 days from the date the judgment was rendered. In this case judgment was rendered on February 20, 1959. The thirtieth day as required under § 119, Title 13, Code of Alabama, was March 22, 1959. A motion for a new trial was not filed in this case until March 28, 1959, which was more than 30 days from the date on which the judgment against Welch had been entered; therefore, jurisdiction of the Circuit Court of Talladega County, Alabama, to grant or refuse the motion for a new trial never existed. As a result, there was no valid ruling on the motion for a new trial, and the 60 days in which to file the transcript cannot be "reckoned from the date of the purported ruling of May 18, which is a nullity." See Welch v. State, 271 Ala. 199, 123 So.2d 205. The Supreme Court of Alabama,

upon timely motion when Welch's case was presented, Welch v. State, 271 Ala. 199, 123 So.2d 205, determined and found that the motion for a new trial was not presented to the trial court and an order entered thereon within the required 30 days. The motion of the State of Alabama to strike the transcript belatedly filed was therefore granted by the Supreme Court of Alabama. It is significant in this case to note that there is no contention on Welch's part that his personally retained counsel was guilty of any fraud or negligence. In this connection, see Kennedy v. United States, 5th Cir. 1958, 259 F.2d 883, cert. denied 359 U.S. 994, 79 S.Ct. 1126, 3 L.Ed.2d 982, and Calland v. United States, 7th Cir. 1963, 323 F.2d 405, and the cases therein cited.

■ This Court declines to find and hold, as the Attorney General for the State of Alabama insists in this case, that any denial of due process or equal protection that may have occurred by lack of an appellate review of Welch's conviction in this case was cured by the action of the Supreme Court of Alabama as that action is reflected in Welch v. State, 278 Ala. 177, 176 So.2d 872. By reason of this Court's specific findings that the failure to perfect Welch's appeal was not due to any action or inaction on the part of the officials of the State of Alabama, it would not be appropriate at this time for this Court to make any finding or holding concerning the remedial effect of the action of the Supreme Court of Alabama in reviewing on the merits the action of Welch's conviction as that review is reflected in Welch v. State, 278 Ala. 177, 176 So.2d 872.

In consideration of the foregoing, this Court now specifically concludes that there was no violation of Welch's constitutional rights in connection with his. prosecution and sentence in the Circuit Court of Talladega County, Alabama, which prosecution and sentence resulted in his present incarceration by the State of Alabama. As to every aspect of the proceeding, petitioner, insofar as the of-ficials of the State of Alabama are concerned, received substantial justice.

It is, therefore, the order, judgment and decree of this Court that the petition for a writ of habeas corpus filed herein by leave of this Court in forma pauperis be and the same is hereby denied. It is further ordered that petitioner Welch's petition for a writ of habeas corpus be and the same is hereby dismissed.

It is the further order, judgment and decree of this Court that petitioner Ned Welch be and he is hereby remanded to the custody of the State of Alabama.