214 So.2d 871

**Tom CROWDEN**

v.

**STATE.**

**8 Div. 183.**

Court of Appeals of Alabama.

Oct. 15, 1968.

———◆———

Jas. H. Tompkins, Tuscumbia, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

CATES, Judge.

December 5, 1962, a jury found Crowden guilty of involuntary manslaughter—he was charged with driving his car into deceased —and set his punishment at six months hard labor. He appealed from the judgment.

### I.

A motion for new trial was filed. The trial judge ordered a hearing for February 15, 1963. No further entry appears.

The court reporter filed the transcript of evidence with the circuit clerk April 11, 1968. No extensions of time appear. The entire record came here April 22, 1968.

On June 26, 1968, the State moved that we strike the record and dismiss the appeal. The motion is well taken under Supreme Court Rule 37. Relf v. State, 267 Ala. 3, 99 So.2d 216; Mid-State Homes, Inc. v. Peoples, 42 Ala.App. 182, 157 So.2d 808(2).

### II.

Appellant would invoke the concept of Plain Error to invite our review of the record in spite of the time elapsed since trial and notice of appeal. Occasionally, we find our Supreme Court opining as to what might have been the event had the appeal papers arrived on time. Duke v. State, 264 Ala. 624, 89 So.2d 102; Freeman v. State, 272 Ala. 412, 413, 132 So.2d 141. See Hamm, Case Note, "Gratuitous Pronouncements upon Dismissing Appeal." 10 Ala.Law Rev. 170.

This court has refrained from this practice, perhaps because an examination might have led us in some cases to conclude that error infected a record. Accordingly, whatever merit may reside in appellant's claim that the deceased died of a heart attack not contributed to by Crowden (Duncan v. State, 30 Ala.App. 356, 6 So.2d 450) is now remediable, if at all, under coram nobis. Keene v. State, 272 Ala. 596, 133 So.2d 246.

Therefore, the motion to strike the record and dismiss the appeal is due to be granted.

Record stricken; Appeal dismissed.

PRICE, P. J., concurs in result.

JOHNSON, J., concurs in result only.