312 So.2d 392

**ALBERT PROPERTIES, INC.**

v.

**James Robert CANNON.**

**Civ. 497.**

Court of Civil Appeals of Alabama.

April 30, 1975.

Phillips & Funderburk, Phenix City, for appellant.

Homer W. Cornett, Phenix City, for appellee.

HOLMES, Judge.

This is an appeal by defendant from a jury verdict and judgment thereon in favor of the plaintiff for breach of a contract.

The plaintiff has filed with this court a motion to affirm the judgment of the trial court for failure of appellant-defendant to timely file the transcript of the evidence.

We find the motion to be well taken and appellee-plaintiff's motion is granted.

The following pertinent information is gleaned from the record:

May 30, 1974—verdict and judgment;

June 13, 1974—motion for new trial (on which the trial court failed to rule);

June 24, 1974—motion to stay execution pending disposition of motion for new trial, order granting motion;

June 25, 1974—"Supersedeas Bond on Motion for New Trial" taken and approved, which reads as follows:

"KNOW ALL MEN BY THESE PRESENTS that we, Albert Properties, Inc. as principals and Albert Properties, Inc., a Georgia Corporation, and the undersigned as surety, are held and firmly bound unto James Robert Cannon, in the just and full sum of Ten Thousand and no/100 ($10,000.00) Dollars, for the payment of which, well and truly to be made and done, we bind ourselves, and each of us, and each of our heirs, administrators, executors, and successors, jointly and severally and firmly by these presents, and as a part of this undertaking we hereby waive all of our rights under the Constitution and Laws of the State of Alabama, to have any of our property, real or personal, exempt from levy and sale in satisfaction hereof.

"SEALED with our seals and dated this the 25 day of June, 1974.

"WHEREAS, on, to-wit: May 28, 1974, the said James Robert Cannon, recovered a judgment in said Court against Albert Properties, Inc., a Georgia Corporation, for the sum of Five Thousand Seven Hundred Fifty and no/100 ($5,750.00) Dollars, damages and the

further sum of Ten Thousand and No/100 ($10,000.00) Dollars, the costs in that behalf expended; and,

"WHEREAS, on the 13th day of June, 1974, the said Defendant made motion for a new trial from said judgment rendered on May 28, 1974, to reverse said judgment and grant a new trial, and also for a supersedeas of the execution of said judgment, which has been granted on entering into this bond.

"NOW, THEREFORE, the condition of the foregoing obligation is such, that if the Defendant, Albert Properties, Inc., a Georgia Corporation, shall prosecute their said motion for new trial and a new trial is granted, or, in the event, the motion for new trial is not granted and an appeal is properly filed to the Supreme Court of Alabama, then the said obligation to be null and void, otherwise to remain in full force and effect.

"/s/ C. B. HEWITT, JR.　(SEAL)
W. G. Cooke & Associates, Inc. Pres.
/s/ William G. Cooke

Attest: /s/ Betty B. Lovendahl (SEAL)
　　　　　　　　　　　Sec./Treas.
"Albert Properties, Inc.
/s/ J. Albert Wade, Jr.,
　　　　　　　　　　　President

Attest: /s/ W. J. Wright—
　　　　Treas.　　　　(SEAL)
/s/ Woodrow Wilson　　(SEAL)

"Taken and Approved this the 25 day of June, 1974.

/s/ Devon Kiker
Clerk of the Circuit Court
of Russell County, Alabama";

August 8, 1974—supersedeas bond taken and approved conditionally as required by law, which reads as follows:

"KNOW ALL MEN BY THESE PRESENTS: That we, Albert Properties, Inc., and C. B. Hewitt, Jr. and Woodrow Wilson, as surety, are held and firmly bound unto Devon Kiker, in the just and full sum of Eleven Thousand Five Hundred ($11,500.00) Dollars, for the payment of which, well, and truly to be made and done, we bind ourselves, and each of us, and each of our heirs, administrators, executors, and successors, jointly and severally and firmly by these presents, and as a part of this undertaking we hereby waive all of our rights under the Constitution and Laws of the State of Alabama, to have any of our property, real or personal, exempt from levy and sale in satisfaction hereof.

"SEALED with our seals and dated this the 29th day of July, 1974.

"WHEREAS, on, to-wit: May 28, 1974, the said James Robert Cannon, received a judgment in said Court against Albert Properties, Inc., a Georgia Corporation, for the sum of Five Thousand Seven Hundred Fifty and No/100 ($5,750.00) Dollars, damages and the further sum of Five Hundred Dollars ($500.00) the costs in that behalf expended; and,

"Now, therefore, if the said Albert Properties, Inc., a Georgia Corporation, shall prosecute the said appeal to effect, and satisfy such decree as may be rendered against Albert Properties, Inc., a Georgia Corporation, in said cause by the Supreme Court, or in the event the said Albert Properties, Inc., shall not prosecute an appeal from any final judgment rendered in this cause by the Circuit Court of Russell County, Alabama, then the undersigned obligors agree to pay whatever judgment is rendered in the Circuit Court of Russell County, Alabama, herein and the costs of Court in connection therewith, then this obligation is to be null and void, otherwise to remain in full force and effect.

"And we, and each of us, hereby waive all rights to or claim of exemption as to personal property we or either of us have now or may hereafter have, un-

der the Constitution and Laws of Alabama, and we hereby severally certify that we have property free from all encumbrance to the full amount of the above bond.

"Witness our hands and seals this the 29th day of July, 1974.

"/s/ Albert Properties, Inc.
/s/ W. J. Wright, Sec., Treas (L.S.)
/s/ J. Albert Wade, Jr., Pres. (L.S.)
/s/ C. B. Hewitt, Jr. (L.S.)
/s/ Woodrow Wilson (L.S.)

"Taken and Approved this the 8 day of August, 1974.

"/s/ Devon Kiker
Clerk of the Circuit Court of
Russell County, Alabama";

November 15, 1974—notice of appeal;

December 17, 1974—another supersedeas bond taken and approved conditionally as required by law, which reads as follows:

"KNOW ALL MEN BY THESE PRESENTS, That we, Albert Properties, Inc., and the undersigned surities [sic] are held and firmly bound unto James Robert Cannon, the Defendant and Appellee herein, in the just and full sum of Eleven Thousand Five Hundred and 00/100 ($11,500.00) Dollars for the payment of which, well and truly to be made and done, we bind ourselves, and each of us, and each of our heirs, executors, administrators, successors and assigns, jointly and severally, by these presents; and as a part of this undertaking we hereby separately and severally waive all our rights under the constitution and laws of the State of Alabama, to have any of our property, real or personal, exempt from levy and sale in satisfaction hereof.

"SEALED, with our seals and dated this 17th day of December, 1974.

"THE CONDITION of the above obligation is such that, whereas, on, to-wit: the 28th day of May, 1974, the said

James Robert Cannon recovered a judgment in said Court against the said Albert Properties, Inc., for the sum of Five Thousand Seven Hundred Fifty and 00/100 ($5,750.00) Dollars, damages, and the further sum of Five Hundred and 00/100 ($500.00) Dollars, the costs in that behalf expended; and

"WHEREAS, on the 15th day of November, 1974, the said Albert Properties, Inc., as such Defendant, made application for an appeal to the Court of Civil Appeals for the State of Alabama from said judgment of the 28th day of May, 1974, and from the failure of the Court to rule on Defendant's Motion for New Trial within ninety (90) days from June 13, 1974, the date of filing of the Motion for New Trial by Defendant, and desires to supersede said judgment and to stay or suspend the execution thereof,

"NOW, THEREFORE, the condition of the foregoing obligation is such that, if the said Albert Properties, Inc., shall prosecute the said appeal to effect and satisfy such judgment as the Court of Civil Appeals for the State of Alabama may render in this case, including damages, penalty and costs, then this obligation is to be null and void; otherwise it is to remain in full force and effect.

"/s/ J. Albert Dade, Jr., President
ALBERT PROPERTIES, INC.

/s/ W. J. Wright, Sec., Treas.

/s/ C. B. Hewitt, Jr.
C. B. HEWITT, JR.

/s/ Woodrow Wilson
WOODROW WILSON

"Filed in this office this the 17 day of December, 1974.

"/s/ Devon Kiker
Clerk, Circuit Court in and for
Russell County, Alabama

"Filed in Office, December 17, 1974.
Devon Kiker, Clerk";

January 6, 1975—transcript of evidence filed with clerk.

Tit. 7, § 766, Code of Ala.1940, clearly provides that an appeal is taken by giving and having approved a supersedeas bond conditioned as required by law.

Tit. 7, § 827(1), Code of Ala.1940, is equally clear that the court reporter shall file the transcript of the evidence with the clerk within sixty days from the date the appeal is taken.

In this instance, the appeal being taken as revealed by the record, on August 8, 1974; no extension of time being granted to the filing the transcript; the transcript being filed on January 6, 1975, is not timely filed; therefore, appellee's motion to affirm is due to be granted. See Albert v. State, 274 Ala. 579, 150 So.2d 198.

This court would comment that it cannot explain the above listed sequence of events and why they were taken, to wit, the filing of two supersedeas bonds, but the fact remains that a supersedeas bond was filed on August 8, 1974, which, under the law, is the taking of an appeal.

The motion is granted; the transcript is stricken; and the judgment appealed from is affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.