### CHILDERS v. SAMOSET COTTON MILLS.
### (7 Div. 370.)

(Supreme Court of Alabama.    Oct. 23, 1924. Rehearing Denied Nov. 16, 1924.    Further Rehearing Granted April 16, 1925.    On Rehearing June 11, 1925.)

On Rehearing.

**1. Appeal and error ⬥═653(1) — Records amendable on appeal to cover original judgment.**

On appeal, the clerk's certificate, referring to a judgment upon the motion for a new trial, may be amended under Code 1923, § 6144, to cover the original judgment; motion to that effect appearing in the record, and the security for costs being sufficient.

**2. Appeal and error ⬥═345(1)—Appeal within six months of discontinuance of motion for new trial effective.**

Pendency of a motion for a new trial suspends the finality of the judgment for purpose of appeal until the motion is dealt with by the court or expires by operation of law, and therefore, an appeal taken within six months of the discontinuance of a motion for a new trial was effective.

**3. Exceptions, bill of ⬥═51—Failure to provide copy of trial testimony justifies refusal to sign bill of exceptions.**

The trial court was justified in refusing to sign a bill of exceptions, where upon its presentation the court reasonably requested and counsel failed to provide within 90 days a copy of the official transcript of the trial testimony.

Appeal from Circuit Court, Talladega County; A. P. Agee, Judge.

Action by S. S. Childers, as administrator, of the estate of L. E. Childers, deceased, against the Samoset Cotton Mills. Judgment for defendant, and plaintiff appeals. Motion to establish a bill of exceptions overruled on rehearing.

Joel B. Brown, of Cullman, for appellant.

So long as a motion for new trial remains undisposed of there can be no final judgment. Florence C. & I. Co. v. Field, 104 Ala. 471, 16 So. 538; Woodward Iron Co. v. Brown, 167 Ala. 316, 52 So. 829; Barron v. Barron, 122 Ala. 194, 25 So. 55; Hamilton v. Kitchens, 148 Ala. 385, 41 So. 871; Shipp v. Shelton, 193 Ala. 662, 69 So. 102. Filing and approval of security for costs perfected the appeal and divested the lower court of power to proceed

further.    Sharp v. Edwards, 203 Ala. 206, 82 So. 455; Liverpool & L. & G. Ins. Co. v. Lowe, 208 Ala. 12, 93 So. 765; Ex parte Cudd, 195 Ala. 80, 70 So. 721.    Appellant was entitled to amend his appeal.    Code 1907, § 2885; Thompson v. Campbell, 52 Ala. 583; Strain v. Irwin, 199 Ala. 592, 75 So. 151; Street v. Street, 113 Ala. 333, 21 So. 138.    The duty to sign correct bills of exceptions is emphatically required of the judge, and is not to be regulated by rule.    Code 1907, §§ 3019, 3021; Nat. Pyrites Co. v. Williams, 206 Ala. 4, 89 So. 291.    The rules requiring the furnishing by appellant of a copy of the reporter's notes is unreasonable.    Ex parte Eubank, 206 Ala. 8, 89 So. 656; Mickle v. State (Ala. Sup.) 21 So. 66.

Knox, Acker, Dixon & Sims, of Talladega, for appellee.

The bill of exceptions cannot be considered on the question of the main suit, nor of motion for new trial.    Anniston Elec. & G. Co. v. Cooper, 136 Ala. 418, 34 So. 931; Bowe v. Pierson, 206 Ala. 250, 89 So. 711; Code 1907, § 2868; Dixie Pratt Co. v. Arrant Ins. Agcy., 209 Ala. 289, 96 So. 193.    The court loses jurisdiction of a motion for new trial when not ruled on within 30 days.    Mt. Vernon Mills, v. Judges, 200 Ala. 168, 75 So. 916; Ex parte Margart, 207 Ala. 604, 93 So. 505.    The order requiring the furnishing of the reporter's notes was reasonable and proper.    Code 1907, §§ 3021, 3255 (6); Garlington v. Jones, 37 Ala. 240.

ANDERSON, C. J.    This appeal was taken more than six months from the rendition of the main judgment, and cannot therefore be considered to review same.    Indeed, the appeal is not from the main judgment but from what purports to be a judgment upon the motion for a new trial entered August 14, 1923, and was taken within six months after the date of said entry.    So the question is, was the judgment on the motion for new trial such a valid one as would support an appeal? It may be conceded that the motion was kept alive by orders of continuance until June the 10th, when it was taken under consideration by the court for decision, but it was necessary for the court to have decided the same during the term, or else continued it to the next term, and which said order must have been made during the existing term, in order to prevent a discontinuance of said motion.    It is a well-established rule of law that all causes expire with the end of the term unless continued, and that as to motions of this character, there must be a specific continuance as distinguished from a general order.    Mt. Vernon Mills v. Judges of Fifteenth Circuit, 200 Ala. 168, 75 So. 916, and cases there cited.    Nor does the fact that the court had the motion under consideration when

the term expired remove it from the influence of the rule, as it was just as essential to keep it alive by a proper continuance as if it had not been taken under advisement. In fact, the trial judge seems to have appreciated the necessity for a continuance by making an order to that effect on July the 1st, but which was unfortunately abortive, as it was made in vacation and after the cause had been discontinued by the expiration of the term. The entry of August the 14th overruling the motion being void, a subsequent order setting the same aside was unnecessary, though we may add that the court has the authorty to expunge a void order at any time when in session.

In the case of Liverpool & Globe Ins. Co. v. Lowe, 208 Ala. 12, 93 So. 765, the motion was continued during the term. Moreover, there was a waiver of a discontinuance, if such there was, and no insistence against the ruling on the original motion but against the motion as amended. Here the motion was continued during vacation, and after the same had expired with the end of the term, and there is nothing in the record to show that counsel subsequently waived the discontinuance.

The motion to dismiss the appeal must be granted, and said appeal is dismissed.

As the appeal must be dismissed, the establishment of a bill of exceptions can serve no useful purpose.

Appeal dismissed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

## On Rehearing.

ANDERSON, C. J. [1,2] In dismissing this appeal we were guided by the security for cost and the certificate of the clerk, each of which refers to a judgment upon the motion and not the original judgment. Our attention is now called to a security for cost preceding the other, which appears on page 56 of the record, and which is broad and general enough to cover the original judgment, together with a motion to amend the clerk's certificate so as to make it apply to said original judgment. It would seem that the appeal in this respect is amendable. Section 6144 of the Code of 1923. It is also settled that the pendency of a motion for new trial suspends the finality of the judgment for the purpose of an appeal until said motion is disposed of either by the act of the court or the operation of law. Shipp v. Shelton, 193 Ala. 658, 69 So. 102. Therefore the original judgment became final when the motion expired with the end of the term June the 24th, and the appeal was taken within six months thereafter. We therefore erred in dismissing the appeal, and the rehearing is granted, and the motion to amend the appeal is granted, and the motion to dismiss the appeal is overruled.

[3] This therefore brings us to the motion to establish the bill of exceptions. It appears that, at the time of the trial, there was an official court reporter present who took the testimony. It is also undisputed that there was a rule or order upon the records of the court requiring, among other things, that a copy of the bill of exceptions and transcript of the testimony be furnished to counsel on the other side. It also appears that, upon presentation of the bill of exceptions, the trial court called attention of counsel to the rule but specifically called for or requested that he be furnished with a copy of the stenographer's transcript of the testimony. Regardless of the reasonableness of the rule, the demand or request of the judge that he be furnished with a transcript of the evidence as taken by the official reporter was not unreasonable, and counsel cannot put the trial judge in default for not signing the bill of exceptions, in the absence of furnishing said official transcript to said judge within 90 days after the presentation of the bill of exceptions.

The motion to establish the bill of exceptions is overruled.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.