92 So.2d 891

**Estelle S. CALVERT**

v.

**Jasper Augustus CALVERT.**

I Div. 689.

Supreme Court of Alabama.

Feb. 21, 1957.

**530**

Groves C. Hillard, Mobile, for appellant.

Howell & Johnston and Irvin J. Langford, Mobile, for appellee.

GOODWYN, Justice.

This is an appeal by the plaintiff from a judgment rendered by the circuit court of Mobile County in favor of the defendant. The suit seeks recovery of past due installments of alimony awarded by decree of the Superior Court of Fulton County, Georgia.

The judgment appealed from was rendered on March 5, 1956. The appeal was taken on September 4, 1956, within the six months allowed, Code 1940, Tit. 7, § 788, and the certificate of appeal was filed here on September 5, 1956. The transcript of the record was filed on December 26, 1956. Submission was had on February 9, 1957, on appellee's motion to dismiss the appeal and on the merits.

■ One of the grounds of the motion to dismiss is that the transcript was not timely filed in this court. We have no alternative but to grant the motion.

The appeal is on the record proper, there being no transcript of the evidence in the record. In the recent case of Duke v. State, 264 Ala. 624, 89 So.2d 102, we held that where an appeal is on the record proper without a transcript of the evidence, Su-

preme Court Rule 37, Revised Rules effective June 1, 1955, as amended on February 17, 1956 (263 Ala. XXI), requires that the transcript of the record be filed in this court within sixty days after the taking of the appeal. Although that case was a criminal proceeding, the same rule applies to appeals in civil cases at law.

As already noted the appeal was taken on September 4, 1956, and the record was not filed here until December 26, 1956. That is considerably longer than the sixty days allowed.

We here observe that we find nothing in the record to indicate that any request was made for extension of time for filing the transcript of the record. Nor do we find anything indicating that an attempt was made to procure a transcript of the evidence in the trial court as provided by those acts codified as §§ 827(1) to 827(6), Tit. 7, Code 1940, Pocket Part.

■ In an obvious attempt to avoid the effect of not including a transcript of the evidence in the record, counsel for the parties, under date of December 21, 1956, addressed the following communication to the Clerk of the Circuit Court of Mobile County:

"It is stipulated and agreed by and between the parties in the above styled cause that the documentary evidence which was submitted by agreement at the trial of the cause, be forwarded by you, as Clerk of the Circuit Court of Mobile County, Alabama, to the Supreme Court of Alabama for use on the appeal which has been taken by Estelle S. Calvert, appellant."

Pursuant to this directive there was filed in this court on December 27, 1956, the documentary evidence in its original form. What was said in Maryland Casualty Co. v. Mayfield, 225 Ala. 449, 452, 143 So. 465, 467, makes it clear that we cannot consider this documentary evidence. As there said:

"We are confronted here with the fact that the policy contract was not transcribed into and made a part of the bill of exceptions, but in lieu thereof a paper writing, apparently the original policy, attached to the margin of page 27 of the record, with the statement in brackets, presumably by the clerk of the court: 'The above printed contract between the plaintiff and the defendant was authorized and ordered to be used in this transcript by the presiding Judge of said Tuscaloosa County Circuit Court.'

"In Commercial Inv. Trust, Inc., v. East, 217 Ala. 626, 117 So. 160, 161, it was observed that: 'It has been the unvarying rule of this court since the decision in Pruitt v. McWhorter (1883), 74 Ala. 315, not to consider documents put in evidence in the trial court and transmitted to this court unless copied into the transcript.' See, also, Missouri State Life Ins. Co. v. Stuckey, [224 Ala. 590], 141 So. 246, 248, where it was held that compliance with the rule (Supreme Court Rule 24) [Rule 22, Revised Rules effective June 1, 1955] cannot be waived by the parties because 'the matter presented affected the court and its procedure.' The reason for the rule and its strict application is that the record on appeal becomes the permanent record of the court in the particular case, and is bound and filed in its permanent archives. To allow the practice of attaching such matters to the margin of the record—matters that may be easily removed or substituted—would invite mutilation and destruction of the permanent record of the court. The matter omitted from the record is not brought within the curative influence of Rule 47, Supreme Court Practice [Rule 41, Revised Rules effective June 1, 1955]. Cannon v. Scarborough, 223 Ala. 674, 137 So. 900.

"In the absence of the contract, the foundation of the suit, the other ques-

tions argued are not properly presented for review."

See, also, Starkey v. Bryant, 257 Ala. 557, 558, 59 So.2d 796.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.