169 So.2d 429

**Norman W. HOLMAN**

v.

**Eddie C. BAKER, Pro Ami.**

**4 Div. 155.**

Supreme Court of Alabama.

Sept. 3, 1964.

Rehearing Denied Oct. 22, 1964.

Wm. B. Matthews and Brown & Steagall, Ozark, for appellant.

Chas. L. Woods, Stokes & Woods, Ozark, and Albert W. Copeland, Euel A. Screws, Jr., Godbold, Hobbs & Copeland, Montgomery, for appellee.

PER CURIAM.

Defendant in the trial court here appeals from a judgment of the Circuit Court of Dale County granting plaintiff's motion to vacate and set aside the verdict of the jury in a personal injury suit, and also to vacate and set aside the judgment rendered and entered in the proceeding.

On January 18, 1963, prior to the submission here of this cause on March 29, 1963, appellee filed his motion to dismiss this appeal, assigning grounds as follows:

1. It affirmatively appears this appeal is on the record proper and the transcript of the record was not filed within the time provided by law.

2. It affirmatively appears that the transcript was not filed in this cause until January 7, 1963, and that within sixty days from the date the appeal was taken, the trial court entered an order extending the time for filing the transcript of the record "to and including January 6, 1963."

## On the Motion to Dismiss

It appears from the transcript here on file that appellee's motion to vacate the verdict and judgment in favor of defendant (appellant here) was seasonably filed with the circuit clerk on June 15, 1962, and presented to the trial judge the following day. The trial judge, on such presentation, entered a written order continuing the hearing on the motion to June 29, 1962. On June 25, 1962, and again on June 29, 1962, by like order, he continued the motion to July 9, 1962. No further written order was made concerning the motion until July 28, 1962, when the trial judge entered an order in writing as follows:

"The motion of the Plaintiff in the above styled cause to set aside the verdict and judgment and to grant a new trial, having been heard by the Court on the 9th day of July, 1962, and taken under consideration for decree [sic]; and the Court being of the opinion that the motion should be continued for further consideration by the Court, it is therefore,

"CONSIDERED, ORDERED AND ADJUDGED by the Court that the motion for a new trial be and the same is hereby continued for further consideration by the Court until the 28th day of September, 1962.

"Ordered this 28th day of July, 1962."

On September 12, 1962, the trial court entered a judgment granting the motion and vacating the verdict of the jury and the judgment thereon.

It further appears from the record that on October 9, 1962, defendant gave notice of appeal from the judgment of September 12, 1962, granting the motion, and on the same date filed security for costs of appeal.

On December 7, 1962, the circuit clerk filed with the trial court his petition stating that due to pressure of work in his office in connection with the trial of cases, preparation of court calendars, and other duties necessary for an ensuing session of court, he could not complete the appeal transcript by December 9, 1962, and requested an extension of time.

The trial judge on December 7, 1962, acting on said petition, extended the time for filing the transcript to and including January 6, 1963, which this court judicially knows was on Sunday. The transcript was filed with the clerk of this court on Monday, January 7, 1963.

One of the contentions of appellee is that the trial judge had no authority to extend the time for the reason that the appeal here is on the record proper, which does not contain any portion of the trial proceedings. He says:

" * * * The initial question is, therefore, whether under Rule 37 [Supreme Court Rule 37, Revised Rules effective June 1, 1955, and amended February 17, 1956] and Title 7, Sec. 770, the trial court has any power to extend the 60 day period fixed by the Rule as the time within which the record is to be filed.

"We think it is obvious that the scheme of Rule 37 envisions an extension of time only where the 'record' is an entire record. The term 'transcript of record' must have reference to a complete transcript of the proceedings below. There is no rational basis for allowing more than 60 days to prepare the record proper."

Appellee cites the cases of Duke v. State, 264 Ala. 624, 89 So.2d 102, and Calvert v. Calvert, 265 Ala. 529, 92 So.2d 891, and supporting his contention above noted.

We have examined both cases. In the Duke case, an extension of time by the trial judge was not involved. The author of the opinion specifically stated that no extensions of time for filing the transcript of record were requested in the court below.

In the Calvert case, there was an appeal from an adverse judgment of the Circuit Court of Mobile County to recover past-due installments of alimony awarded by decree of the Superior Court of Fulton County, Georgia. There this court observed:

"We here observe that we find nothing in the record to indicate that any request was made for extension of time for filing the transcript of the record. Nor do we find anything indicating that an attempt was made to procure a transcript of the evidence in the trial court as provided by those acts codified as §§ 827(1) to 827(6), Tit. 7, Code 1940, Pocket Part." (265 Ala. 530, 92 So.2d 892)

We quote the pertinent part of Rule 37, supra, as follows:

"In all cases, either civil or criminal, the transcript shall be filed with the clerk of this court within sixty days after the signing or establishing of the bill of exceptions or the expiration of the time for establishing the same; except in equity cases the transcript shall be filed within sixty days of the taking of the appeal. Where bills of exceptions have been abolished, the transcript of the record shall be filed in this court within sixty days after the transcript of the evidence has been established in the court below. *The trial judge may extend the time for filing transcript of the record in this court for good cause shown for not to exceed thirty days * * * .*" (Emphasis supplied.)

■ We think the trial court had authority under this rule, for proper cause as here shown, to extend the time for filing the transcript of the record proper. The legislature probably envisioned sickness on the part of the clerk or other cause which might create a necessity for an extension. We do not think the authority of the trial judge to extend is circumscribed by a necessity for all the trial proceedings, including a transcript of the evidence, to be incorporated in the transcript or an attempt to procure the same.

■ Nor do we think there is any merit in appellee's motion to strike the transcript and dismiss the appeal because the transcript was not filed until January 7, 1963—one day after the time fixed by the trial court for filing. As we have already observed, January 6, 1963, was on Sunday. Supreme Court Rule 46, Revised Rules, effective June 1, 1955, and amended February 17, 1956, gave an extra day (the last day being on Sunday) to file the transcript on this appeal.

On the Merits

Appellant complains by assignment of error that the trial court lost jurisdiction of the motion and discontinuance ensued because on July 9, 1962, the date the motion was heard and submitted, the trial court failed "to make and enter some ruling on the motion for a new trial or some order continuing the motion for a new trial to a future date."

The trial court entered an order in writing on July 28, 1962, a copy of which appears, supra.

The undisputed recitation by the trial court, supra, that the motion was heard on the appointed date, July 9, 1962, and taken under consideration, we take to be true. When the motion was heard and submitted as stated by the trial court, the issue presented was in the breast of the court until September 12, 1962, when a judgment on the motion was duly entered.

■ Under such circumstances as the record here presents a written order of submission of the motion for consideration or advisement on the part of the court at the time of submission, although advisable for clarity of the record, was not necessary to preserve the integrity or life of the motion. Nor was an order of continuance necessary. The demands of law were met when the trial judge took

submission of the motion, and later, prior to judgment, let the record show such submission at the time fixed by prior order of continuance.

This appeal presents for judicial ascertainment the intention of the legislature in enacting §§ 53 and 54, Title 30, Code of Alabama, 1940. These sections are as follows:

" § 53. Peremptory challenges.— Each party has the right to challenge four of the jury peremptorily in civil causes.

" § 54. Struck jury.—In all civil actions triable by jury, either party may demand a struck jury, and must thereupon be furnished by the clerk with a list of twenty-four jurors in attendance upon the court, from which a jury must be obtained by the parties or their attorneys alternately striking one from the list until twelve are stricken off, the party demanding the jury commencing; provided, that in all judicial circuits having not more than two judges, the court shall require to be made two lists of all the jurors in attendance upon the court, who are competent to try the case, and not engaged in the trial of some other case, which list shall in no event contain less than twenty-four jurors, from which a jury must be obtained by the parties or their attorneys alternately striking one from the list until only twelve remain on the list, the party demanding the jury commencing; and the jury thus obtained must not be challenged for any cause, except bias or interest as to the particular case."

It appears from the transcript of the proceedings in the trial court that the circuit clerk presented the parties with a list bearing the names of thirty-one qualified jurors, from which, over the objections of appellee, accompanied by his demand for a struck jury, the trial judge allowed appellant four peremptory challenges, pursuant to § 53, Title 30, Code 1940, supra.

Appellee declined to assert any peremptory challenges. The trial judge, after the peremptory challenges on the part of appellant, told the parties "to go ahead and strike the jury." The parties proceeded to strike as directed from the list of jurors remaining after the peremptory challenges. Two names were removed from the list by agreement of the parties.

The trial court, on motion by appellee for a new trial, determined that it had committed error in permitting the challenges over the objection of plaintiff, and in requiring them to strike from the depleted list; hence the court granted appellee's motion for a new trial. Appellant (defendant below) appeals from this judgment.

Neither of the parties to this appeal has cited any case from Alabama, or from any other state, which in our judgment decides the exact issue here presented. Our attention has been called in brief to a very informative and elucidating article entitled, "Selecting the Jury in Criminal Cases— Some Common Law Aspects," by M. Clinton McGee, Associate Professor of Law, University of Alabama, published in Vol. V, Number 2 (Spring 1953), Alabama Law Review, p. 213, which we have read with much interest and thought. This article presents a history of peremptory challenges, both in civil and criminal cases. The author also discusses the procedural application of the rule for such challenges (both civil and criminal) in Alabama. Provision for peremptory challenges in criminal cases no longer obtains in Alabama. The provision was abrogated in 1909.

Our research reveals that § 53, supra, was enacted by the legislature of Alabama on December 21, 1820. The statute appears in Acts of Alabama, 1820, Second Session, Section 1, at page 3. The Act reads: "That in all jury trials either party shall have the right to a peremptory challenge of four of the jury."

With the exception of a slight transposition of words, and with confinement to civil causes, the Act has been brought forward in all our Codes.

We find that § 54, Code of Alabama, 1940, supra, has its progenitor in Acts of Alabama, 1840–41, Called Session, § 52, p. 174. It was approved on January 9, 1841. The Act at that time read as follows:

"In all civil causes, sounding in damages merely, or where the amount in controversy shall exceed one hundred dollars, either party, at his election, shall be furnished with a list of twenty-four jurors in attendance on such court, from which a jury shall be obtained by the parties alternately striking one from the list until twelve shall be stricken off, the plaintiff commencing (and the jury thus obtained, shall not be further challenged, for any cause.)"

The Act has been amended by legislative action so that it has application to all civil actions instead of actions sounding in damages merely, or when the amount in controversy exceeds one hundred dollars.

So it appears that prior to 1841, parties litigant were remitted to peremptory challenges of four each in selection of a jury.

It is our observation that the legislature, by the enactment last aforequoted, desired to and did provide another method of selecting juries in certain civil cases. Any party to a suit within the category could demand a struck jury from a list of twenty-four names on the jury list—no more nor less than twenty-four names. Brilliant Coal Co. v. Barton, 203 Ala. 38, 81 So. 828(2). Parenthetically, we call attention to an amendment now added to § 54, supra, which limits application of the holding in the Barton case, supra, to judicial circuits having not more than two judges.

It is to be noted that § 54, supra, provides nothing more than peremptory challenges that are asserted by striking instead of oral procedure. Instead of four peremptory challenges, each party when proceeding under § 54, supra, obtains six challenges when striking from twenty-four names on the list. In circuits with not more than two judges, each party may obtain more than six challenges. The striking must be done alternately, while peremptory challenges are not so restricted. We pretermit any reference to circuits which have general laws with local application governing the selection of juries if in conflict with §§ 53 and 54, supra.

We think that the legislature in providing for struck juries intended that this method, when demanded by any party to the suit, should supersede the right to peremptory challenges authorized by § 53. This method, of course, as also in peremptory challenges, presupposes lawful demand for a jury trial. We are also of the opinion that in the absence of a demand for a struck jury, the parties must proceed under § 53 in civil causes to select a jury. They cannot in such selection proceed under both §§ 53 and 54, supra.

By proceeding either under §§ 53 or 54, supra, much confusion will be avoided. We can surmise situations under fusion of these two statutes whereby the trial court would be greatly perplexed when and how the peremptory challenges could be made in the light of the statute for struck juries. Many questions of procedure, if the legislature intended a fusion of the two methods of challenges, were not made clear. We are in part guided by this lack of clarity to the belief and opinion that the legislature intended an alternate method of selection. The procedure under § 54 is definitive and clear.

The diligent attorneys for appellee contacted at least three eminent, experienced and active trial judges—Judge Paul of Elba, Judge Thagard of Greenville, and Judge Hildreth of Eutaw—to find out if they had ever had any experience with a demand for peremptory challenges, and sought their view on the subject. Answers of these judges appear in the record. They were presented to the trial judge in this case, we presume, at the time of the hearing on the motion for a new trial. All three wrote that the question had never been raised in their court, but in their opinion the methods were alternate.

It is probably the experience of most circuit judges that the lawyers as a matter of practice have accepted the methods as alternate procedures. We find one case, where a different situation was presented. In the case of Birmingham Water Works v. Barksdale, 227 Ala. 354, 150 So. 139, both parties announced ready and a jury was placed in the trial box. The plaintiff's attorney stated that he was satisfied with the jury in the box. Defendant did not demand a struck jury, but reserved the right to a legal challenge as authorized under the law. The court then informed the plaintiff that if he wanted a struck jury he would give it to him—that he had not waived it. Defendant excepted to the ruling. This court held there was no abuse of discretion in allowing the plaintiff a struck jury. It seems that the question of a right to both peremptory challenges and a struck jury was not presented.

█ The trial court was free from error in granting plaintiff's motion for a new trial because of its error in permitting defendant to have four peremptory challenges over objection of plaintiff after his demand for a struck jury. The judgment of the trial court is affirmed.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.

On Rehearing

PER CURIAM.

We have examined each of the cases cited by appellant and others pertinent to the motion for a new trial. We are unable to find any conflict between the holdings in the cases examined and our pronouncements in the case at bar as to the validity of the motion. A survey here of all the holdings in the cases we have ex-amined would prolong this opinion beyond reasonable proportions without serving any useful purpose.

However, we point to the case of Childers v. Samoset Cotton Mills, 213 Ala. 292, 104 So. 641, wherein we held that a motion for a new trial, duly continued according to the mandate of § 6670, 1923 Code (now § 119, Title 13, Code 1940) and submitted on June 10, 1923, the date to which it was regularly continued, ceased to function because it was not adjudged until August 14, 1923, without a continuance to this latter date. The court held that the motion was discontinued because no judgment thereon was entered during the term fixed by § 6667, Code 1923.

This same rule was applied in the case of Shelley v. Clark, 267 Ala. 621, 103 So.2d 743(9), wherein it appears that the motion was heard (not submitted according to the record) within the period of thirty days fixed by § 119, Title 13, Code 1940; nor was it continued to the date it was submitted and adjudicated. There was a hiatus created from the failure to continue the motion, which resulted in a discontinuance. The motion died and could not be resuscitated by reference in the judgment to the time it was heard.

█ The legislature in 1936 (Extra Session, Act No. 56, p. 32) amended § 6667, Code 1923, by providing that the circuit courts of the several counties of the state shall be open for transaction of any and all business, or judicial proceedings of every kind, at all times. See § 114, Title 13, Code 1940. Terms of the circuit court provided by § 6667, supra, were impliedly abolished.

█ When a motion for a new trial is now continued to a future date beyond the time limit fixed by § 119, supra, there is no further limitation or impediment arising from a term of court. The motion, when submitted on the date to which it is continued as authorized in § 119, supra, is in the breast of the court and no further continuance is necessary to suspend the finality of the original judgment. Childers v.

**318**

Samoset Cotton Mills, supra. But the record must contain some showing or statement of submission. Greer et al. v. Heyer, 216 Ala. 229, 113 So. 14.

In the Greer case, supra, the trial court in its judgment on the motion stated that the motion had been "argued by counsel on a previous day of this term (fixed by § 6667, Code 1923) and submitted to the court." The bill of exceptions, after reciting the orders of continuance to March 20, 1926, further stated, "That on said 20th day of March, 1926, the said motion was duly argued by counsel for plaintiff and by counsel for defendant, and on said day was taken under submission by said judge."

The late and eminent Justice Bouldin, author of the opinion in the Greer case, supra, rendered in 1927, before § 6667, Code 1923, was amended, observed for the court:

"The necessary effect of the decision [referring to Childers v. Samoset, supra] is that the submission and taking the motion under advisement operated to keep the motion alive until the end of the term. [The term referred to is now abolished.] For the purposes in hand, the hearing is regarded as pending, the trial of the motion is constructively in progress until the judgment is rendered, not beyond the limits of the term of court. We approve and follow that rule as most promotive of justice. The movant should not be called upon to disturb the trial judge by calling for a decision on the date of submission, or for continuances from time to time, pending his consideration of the motion."

See also Sadler v. Sessions, 261 Ala. 323, 74 So.2d 425.

Opinion extended and application for rehearing overruled.

The foregoing was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the court.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.