**552**

246 So.2d 82

**Eula Merendia Jane RAYBURN**

v.

**James Cornelious RAYBURN.**

**6 Div. 94.**

Court of Civil Appeals of Alabama.

March 10, 1971.

Bill Fite, Hamilton, for appellant.

Nelson Vinson, Hamilton, for appellee.

THAGARD, Presiding Judge.

Appellant, Eula Merendia Jane Rayburn, sued her husband, appellee here, in the Circuit Court of Marion County for a divorce and property settlement. On January 2, 1970, after hearing the testimony *ore tenus*, the trial judge rendered a decree granting appellant a divorce and property settlement which was evidently satisfactory to her, but not to appellee, who duly filed an application for rehearing.

The record discloses that the application for rehearing was presented to the trial judge on January 31, 1970, and by him continued to February 25, 1970. Then on February 25, 1970, he made an order continuing the hearing to March 18, 1970. No other action of the trial court with reference to the application appears of record until August 29, 1970, at which time a de-

cree was rendered, the opening paragraph of which reads as follows:

"This cause coming on for consideration upon Defendant's motion for a new trial heretofore filed in this cause, and by appropriate order of this court set for hearing, and by appropriate order of this court continued until March 18, 1970, at which time the said motion was heard by this court, the same being duly considered, it is hereby ORDERED, ADJUDGED, and DECREED by this court as follows:"

By the decree dated January 2, 1970, the court undertook to partition the real property of the parties consisting of 78 acres of land and two dwellings and required complainant (appellant here) to assume and pay the indebtedness secured by a mortgage on the land held by the Farmer's Home Administration.

By the later decree dated August 29, 1970, the court amended the former decree by ordering the sale of the 78-acre tract of land, the payment of the mortgage from the proceeds, and the division of the remainder, after deduction of costs, equally between the complainant and defendant.

In his brief, counsel for appellant says that the questions to be decided by this court are:

"1. Did the Appellee's Motion for a New Trial (application for rehearing) filed on January 31, 1970 become discontinued before the second decree of the trial Court which was rendered on August 29, 1970?

"2. Did the trial Court err in decreeing a sale for division of the land when such sale was not requested by the pleadings?

"3. Did the trial Court err in ordering a sale for division of the land held by the parties as joint tenants with right of survivorship?

"4. Is the evidence sufficient to sustain the decree of the trial Court which was rendered on August 29, 1970?"

**554**

■ Appellant's distinguished counsel earnestly argues an affirmative answer to the first, second, and third questions hereinabove quoted and a negative answer to the fourth question. We now address ourselves to the first question.

Counsel for both parties cite Holman v. Baker, 277 Ala. 310, 169 So.2d 429, in support of their respective positions. In the *Holman* case, supra, Judge Simmons, speaking for the court, said:

"Appellant complains by assignment of error that the trial court lost jurisdiction of the motion and discontinuance ensued because on July 9, 1962, the date the motion was heard and submitted, the trial court failed 'to make and enter some ruling on the motion for a new trial or some order continuing the motion for a new trial to a future date.'

"The trial court entered an order in writing on July 28, 1962, a copy of which appears, supra.

"The undisputed recitation by the trial court, supra, that the motion was heard on the appointed date, July 9, 1962, and taken under consideration, we take to be true. When the motion was heard and submitted as stated by the trial court, the issue presented was in the breast of the court until September 12, 1962, when a judgment on the motion was duly entered.

"Under such circumstances as the record here presents a written order of submission of the motion for consideration or advisement on the part of the court at the time of submission, although advisable for clarity of the record, was not necessary to preserve the integrity or life of the motion. Nor was an order of continuance necessary. The demands of law were met when the trial judge took submission of the motion, and later, prior to judgment, let the record show such submission at the time fixed by prior order of continuance." (277 Ala. at pages 314 and 315, 169 So.2d at page 432.)

In discussing the application for rehearing Judge Simmons wrote:

"When a motion for a new trial is now continued to a future date beyond the time limit fixed by § 119, supra, there is no further limitation or impediment arising from a term of court. The motion, when submitted on the date to which it is continued as authorized in § 119, supra, is in the breast of the court and no further continuance is necessary to suspend the finality of the original judgment. Childers v. Samoset Cotton Mills, [213 Ala. 292, 104 So. 641], supra. But the record must contain some showing or statement of submission. Greer et al. v. Heyer, 216 Ala. 229, 113 So. 14." (277 Ala. at pages 317 and 318, 169 So.2d at page 435.)

We think the facts in this case are similar to the facts in the *Holman* case, supra, and we hold that the recitation in the decree dated August 29, 1970, that the motion was heard by the court on March 18, 1970, and "the same being duly considered" was sufficient to show that the application for rehearing was submitted, whether argued or not, on March 18, 1970, on which day the court took the application under advisement or consideration; further, that the answer to appellant's first question, supra, is negative. See T. R. Miller Mill Co. v. Ralls, 280 Ala. 253, 192 So.2d 706.

We think that before moving on to the additional questions raised by this appeal, we should mention the fact that nowhere does appellant deny the recitation in the decree that the motion was heard by the court on March 18, 1970, and then or thereafter duly considered.

■ As to appellant's questions 2 and 3, we think they are both effectively answered in Owens v. Owens, 281 Ala. 239, 201 So.2d 396, and Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308. Both were divorce cases and both involved the disposition by the court of property owned jointly with survivorship. In the *Owens* case, supra, the court ordered the wife to

convey her interest in the jointly owned property to the husband. The Supreme Court affirmed, saying:

"Here the parties had invoked the jurisdiction of equity. They could themselves have divided the tenancy with survivorship by agreement. The Chancellor was empowered by his equity jurisdiction to supply such agreement for either party. This he did.

"In this status *Bernard* [Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565] can have no application, for in that case the action concerned the individual action of the parties with no power in the Chancellor to consent for either party to a division of the remainder.

"Equity grants full relief when it has jurisdiction on any equitable ground to grant any relief. Having assumed jurisdiction upon the invocation of the parties, the Chancellor will determine all the interrelated equities of the whole. Equity delights to do justice, and not by halves. Moore v. Moore, 255 Ala. 393, 51 So.2d 683." (281 Ala. at page 243, 201 So.2d at page 399.)

In Killingsworth v. Killingsworth, supra, the trial court ordered the sale of the jointly owned with survivorship homestead of the parties and the Supreme Court affirmed, citing and quoting at length from the *Owens* case, supra.

On the authority of *Owens*, supra, and *Killingsworth*, supra, we hold that the court did not err in ordering a sale of the land held by these parties as joint tenants with right of survivorship.

Finally, is the evidence sufficient to sustain the decree of the trial court dated August 29, 1970? In the *Killingsworth* case, supra, Justice Bloodworth, speaking for the court, said:

"The trial court heard and saw the witnesses as they testified. It is our duty to affirm the trier of the facts if the 'decree is fairly supported by credible evidence.' Dunlavy v. Dunlavy, 283

Ala. 303, 216 So.2d 281. * * *" (284 Ala. at page 527, 226 So.2d at page 311.)

We think the decree in this case is so supported.

There being no merit in any of the assignments of error, the decree from which the appeal was taken is

Affirmed.