265 So.2d 602

Dyer Kemp GARVIN, Jr.

v.

Ada ROBERTSON, Administratrix, etc.

6 Div. 917.

Supreme Court of Alabama.

Aug. 10, 1972.

Tweedy, Jackson & Beech, Jasper, for appellant.

Elliott, Elliott, O'Rear & Robinson, Jasper, for appellee.

**PER CURIAM.**

Suit by the administratrix to recover damages under the Homicide Statute for the death of Glenda Gay Rollo, a married person over 18 and under 21 years of age when she was killed. Mrs. Rollo was the daughter of plaintiff. The suit was first brought in the name of the husband, as the administrator of the estate of deceased. He resigned as such administrator. The present plaintiff was substituted for the administrator, Charles Rollo.

The amended complaint contained Count 1 which charged the defendant with negligent operation of the offending vehicle; also Count 2 which charged wantonness in such operation.

The pleading was in short by consent, the general issue, and contributory negligence. Leave was given the parties to offer in evidence any matters which, if well pleaded, would be admissible in evidence.

The jury returned a verdict for plaintiff in the sum of $15,000. Judgment was entered for plaintiff for the amount of the jury's award. This appeal is from the judgment; also from judgment denying motion for new trial.

Appellant argues Assignments of Error 4, 5, 6, 8, 9, and 10. The other assignments are waived by failure to argue them. N.A.A.C.P. v. State of Alabama, 274 Ala. 544, 150 So.2d 677(3). We will consider the argued assignments seriatim.

Assignment of Error No. 4 asserts that the trial court erred in refusing to allow defendant (appellant) to challenge for cause juror C. A. Naramore, who served as a juror on the case when it was first tried and a mistrial resulted.

It appears in the transcript of this appeal that the same case and transaction, with the same parties, was tried before a jury which heard the evidence, and after reasonable deliberation, made known to the court that they were unable to reach a verdict. The trial court thereupon, on October 29, 1970, declared a mistrial and discharged the jury. The court also ordered the case restored to the docket for a new trial.

When the new trial came on for a second trial, juror C. A. Naramore informed the court that he was a member of the panel of jurors who heard the evidence and sat in judgment on a prior trial which resulted in a declared mistrial. This juror was interrogated by the court and counsel for defendant (appellant) wherein he stated that if the evidence was the same he would have a fixed opinion. The court asked the juror:

"COURT: What we need to know, in other words, could you disregard the evi-

dence you heard before and go altogether on the new evidence in this case?

"MR. NARAMORE: I could.

"MR. JACKSON [for defendant]: You couldn't though if the evidence was the same or substantially the same, could you?

"MR. NARAMORE: If the evidence was the same as it was before, Mr. Jackson, I rule the Court I'd go the same way.

"MR. JACKSON: We offer to challenge him at this time.

"COURT: Challenge denied, the record will show what he stated before.

.    .    .    .    .    .

"Jury selected and sworn."

Appellee argues that there was no exception to this ruling. No exception was necessary. This requirement has been abolished. Tit. 7, § 818(1), Recompiled Code, 1958.

It appears, as we view the record, there were only 24 jurors whose names were on the jury list from which the parties selected the jury to sit in judgment on the evidence adduced. Juror Naramore was one of the 24 names on the list. It appears that the trial court had excused several jurors for good and sufficient reasons. The court summonsed a special juror to bring the list to 24 names. The parties, without further protest, proceeded to select the jury by striking from the list of 24 names.

Plaintiff on the original pleading demanded a trial by jury. Tit. 7, § 260, Recompiled Code, 1958. Neither party demanded a struck jury. Tit. 30, § 54, Recompiled Code, 1958; Holman v. Baker, 277 Ala. 310, 169 So.2d 429. But the parties elected, without specific demand, to select the jury by striking in lieu of challenges as authorized by Tit. 30, § 53, Recompiled Code, 1958. By thus proceeding to strike, both parties waived the method provided by § 53, supra.

.    ■    The trial court had already ruled that juror Naramore was an eligible juror. The selection of the jury by striking without protest or further challenge of the juror Naramore was not a waiver by defendant of the prior ruling by the court. Another challenge would have been repetitious and unnecessary. There was nothing left for the defendant to do but abide by the former ruling that juror Naramore was competent and qualified to sit in judgment on the case.

Assignment of Error 5 charges that the trial court erred in requiring the defendant to strike from the list of jurors which did not contain a list of 24 fair and competent jurors.

■    The parties were entitled to strike from a list of 24 competent and impartial jurors. K.C.M. & B.R. Co. v. Ferguson, 143 Ala. 512, 39 So. 348, 349; Tit. 30, § 54, supra. Juror Naramore, having served on the panel when a mistrial was previously declared, was not a competent juror. Dothard v. Denson, 72 Ala. 541(1). The denial of plaintiff's challenge of juror Naramore for cause amounted to a requirement that the parties proceed to strike as they did from a list of less than 24 competent jurors. We again note that the jury list had been reduced by excusals to 24 names.

Assignment 6 asserts that the trial court erred in failing to allow defendant to challenge juror Naramore on the ground of bias and want of impartiality, which would have prevented him from hearing and trying the case fairly as he had served on the petit jury which tried this case at a prior term of court.

We have already determined, supra, that this juror was subject to challenge for cause; thus, the trial court erred in denying the challenge. This assignment is related to Assignments 4 and 5, supra.

Assignments 8 and 9 are related. Both charge error on the part of the trial court in refusing to permit defendant to bring out details of the offense of robbery on

the part of witness Rollo, who testified as a witness for plaintiff, and admitted a conviction for robbery. Defendant, on cross-examination of witness Rollo, asked him what he robbed. The court sustained plaintiff's objection to the question.

The question and an answer thereto were referable to Tit. 7, § 435, Recompiled Code, 1958. This section reads:

"A witness may be examined touching his conviction for crime, and his answers may be contradicted by other evidence."

The above section must be construed in pari materia with Tit. 7, § 434, Recompiled Code, 1958; Lakey v. State, 206 Ala. 180, 89 So. 605. The Code § 434, supra, reads:

"No objection must be allowed as to the competency of a witness because of his conviction for any crime, except perjury or subornation of perjury; but if he has been convicted of a crime involving moral turpitude, the objection goes to his credibility."

■ Evidence of the conviction of witness Rollo for robbery went to his credibility and was properly admitted for that purpose. Plaintiff probably anticipated that evidence of the conviction might later be offered and acted within her rights in adducing this evidence without waiting for its adduction by defendant. It was not permissible for defendant to go into the details of such offense. Ellis v. State, 244 Ala. 79, 11 So.2d 861(2). The ruling of the trial court denying the elicitation of details was free of error.

Assignment of Error 10 asserts error on the part of the trial court in giving for plaintiff a written charge as follows:

"'16. The Court charges you that where one is exposed to a danger enhanced suddenly by the dangerous condition under which the danger must be met, she is not necessarily guilty of contributory negligence because she does not exercise the best judgment, or take the best measures for her own safety, but under the stress of danger or sudden peril, under such emergency and exigency, the person so suddenly confronted by such condition must conduct herself as a reasonable prudent person would do if thrust into the same or like circumstances and it is for you to say whether under sudden peril and danger a reasonably prudent person would have done as intestate did in answering whether or not she was guilty of contributory negligence when thrust into that condition.'"

By the foregoing charge plaintiff sought the benefit of the sudden emergency doctrine. In substance, that doctrine is that one who, without fault on his part, is suddenly and unexpectedly placed in a perilous position, so as to be compelled to act instantly and without an opportunity for the exercise of deliberate judgment, is not chargeable with negligence if, in attempting to escape from the peril or to minimize the threatened injury, he acts as a person of reasonable prudence would or might have acted in the same or a similar situation. Swindall v. Speigner, 283 Ala. 84, 214 So.2d 436; 80 A.L.R.2d 12.

■ The above stated rule has no application to, and cannot be invoked by, one who wrongfully or voluntarily puts himself in such a position of danger. Swindall v. Speigner, supra, and cases cited.

■ If, as appellant contends, the charge was defective because it omitted instructing the jury that the sudden emergency doctrine had no application if the decedent wrongfully and voluntarily put herself in a position of danger, appellant should have asked instructions directing the attention of the jury to the qualification of the doctrine. Hill v. Almon, 224 Ala. 658, 141 So. 625(8).

We are unwilling to charge the trial court with error in giving this charge.

Due to prejudicial error, supra, on the part of the trial court in denying defendant's challenge of juror Naramore, and in not providing a list of 24 competent jurors from which the parties were entitled to

strike a jury, the judgment awarding damages to plaintiff (appellee) is reversed and the cause is remanded.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, COLEMAN, HARWOOD, BLOODWORTH, McCALL, and SOMERVILLE, JJ., concur.

MADDOX, J., dissents.

MADDOX, Justice (dissenting).

I must respectfully dissent for two reasons. The majority reverses the judgment on the ground that there was error in the qualification and selection of the jury which tried this case. I am in complete accord with the holding of the Court that a juror who was a member of the petit jury which previously heard the case was disqualified. However, the record is so incomplete with regard to the method which was used to qualify and impanel the jury which tried this case, I believe that we should refuse to review the assignment of error which seeks to raise the point. In Cash v. Usrey, 278 Ala. 313, 178 So.2d 91 (1965), this Court said:

"Appellant next argues that the trial court should be reversed in that it improperly qualified the jury in asking each of the members of the venire who did *not* know defendant's counsel to identify himself. Without deciding the propriety or impropriety of this manner of qualifying the jury, suffice it to say that the record is completely silent with respect to this stage of the trial. We cannot consider a matter which does not appear in the record on appeal. Thomas v. Brook, 274 Ala. 462, 149 So.2d 809; Rhodes v. Tomlin, 267 Ala. 491, 102 So. 2d 904."

Furthermore, I believe that this Court has departed from a statement made in Holman v. Baker, 277 Ala. 310, 169 So.2d 429 (1964).

I have examined the transcript here and I find no demand for a struck jury. In fact, the majority opinion affirmatively states that neither party made a demand for a struck jury. In Holman v. Baker, supra, this Court said that "in the absence of a demand for a struck jury, the parties *must* proceed under § 53 in civil causes to select a jury." [Emphasis added.] I believe this statement in Holman v. Baker is correct. The majority here says that the parties can waive the right to proceed under § 53 and consent to a struck jury. For the purpose of argument, I will admit that in a civil case the parties can consent to almost anything, but the record here is completely silent that such an agreement was made. There is nothing in this record which shows how this jury was selected.

The majority gives the appellant the right to have 24 competent jurors on the panel, just as if he had demanded this right. In the absence of a demand for a struck jury, I think he was entitled to only four peremptory challenges. Of course, he was entitled to challenge Juror Narramore for cause, but there is nothing in the record which shows that Juror Narramore's name was presented as a prospective juror, if the procedure under § 53 was used for the selection of the jury—which, I say, was the only procedure which could have been used in the absence of a demand for a struck jury by one of the parties.

I believe that if a party wishes to avail himself of the provisions of law which grant to him the right to a struck jury, he should either make the demand for a "struck jury" on his initial pleading, or should make sure that his demand, if made in open court, appears in the record of the proceedings. Furthermore, I think it incumbent on a party who seeks to reverse the trial court because of irregularities in

the selection of the jury to have the proceedings made a part of the record in order that this Court will not have to speculate on just how and in what manner the jury was selected.

I would affirm the judgment of the trial court.