TYSON, Presiding Judge.
The indictment charged Johnny White with the robbery of one Betty Phillips by taking $5.00 and one .25 automatic pistol from her person and by putting her in fear. The jury found the appellant guilty as charged and fixed punishment at ten years *567 imprisonment. The trial court then set sentence in accordance with this verdict.
Betty Phillips testified that on January 12, 1976, around 11:15 p. m., she was working her shift with the Veteran Cab Co. in Birmingham, Alabama. At this time she received a call over her radio to pick up a fare at the emergency entrance of University Hospital in downtown Birmingham, Alabama. When she arrived the appellant came through the emergency door and got in the front seat of her cab. The appellant then told Phillips he wished to go to “1716 33rd Street, North.” A few minutes later, the appellant changed the address and informed Phillips that he wished to go to “1716 33rd Avenue.” Phillips then asked the appellant if he wanted “to go to ACIP-SO,” and he replied, “That’s right.” Phillips testified that when she arrived at the 1700 block of 33rd Avenue, the appellant told her to go to the corner and turn left, which she did. Upon turning, the appellant directed Phillips to 34th Avenue, at which point he told her to pull up in front of a house with a green porch light. Phillips testified that the appellant reached into his pocket while she was writing down the fare as if to get some change. Instead, he (the appellant) pulled out a knife and stabbed Phillips in the side. Phillips then wrestled with the appellant while grabbing underneath the seat of the car for her .25 automatic pistol. The appellant, according to Phillips, took the pistol and directed her to hand over all her money, which she did. At this point, Phillips testified the appellant directed her to drive down 34th Avenue and take a left at 17th Street, which she did. Phillips testified that the appellant then told her to turn right on 32nd Avenue or else he would “blow [her] brains out,” to which she replied, “O.K., if I’m gonna die, you’re going with me." According to Phillips’ testimony, she then “put the gas pedal on the floor” and proceeded through downtown Birmingham, reaching speeds of up to 120 miles per hour. During this time Phillips testified that the appellant placed both the knife and the pistol on the dashboard to get Phillips to slow down. When she would slow down the appellant would grab both the knife and the pistol, at which point she would speed back up again, according to Phillips. Then at the intersection of 17th Street and 11th Avenue North, Phillips’ taxi ran into another car and both Phillips and the appellant were knocked unconscious.
The appellant’s testimony is somewhat different. The appellant testified that he told Phillips to take him to ACIPSO. Upon arriving at ACIPSO, he told Phillips that it was the wrong address. Then according to the appellant, Phillips said, “Hey, you look like a robber,” and then pulled a gun on him (the appellant). The appellant testified that he knocked the pistol out of Phillips’ hand and that he then pulled out his knife and wrestled with her until she began speeding through Birmingham.
.1
Appellant contends that the State exceeded the proper bounds of impeachment for prior convictions and therefore appellant’s motion for a mistrial should have been granted.
During the cross-examination by the State, the following occurred (R. pp. 69-71):
“Q. Mr. White, on August 18,1970, were you convicted of burglary?
“A. Oh, yes, sir.
“Q. On January 20, 1972, were you convicted of burglary?
“A. I’m thinking. Yes sir.
“Q. And on January 22 of 1976, were you convicted of assault with intent to rape?
“A. Yes, sir. On appeal.
“Q. Did you use a knife on that occasion? Assault with intent to rape?
“A. No.
“MR. CRESPI: Your Honor, I object.
“THE COURT: I sustain objection.
“MR. CRESPI: Your Honor, I would move, at this time, for the Court to declare a mistrial.
“THE COURT: I’ll overrule your objection because the witness answered the question before you could get your objec *568 tion out, and I instruct the witness that when one of the attorneys objects, not to go ahead and answer.
“I do sustain objection, and instruct the jury not to consider that question and answer pertaining to whether or not the assault with intent to ravish or rape was committed with a knife. That’s not for any concern or consideration.
“MR. BARBER: That’s all the questions I have.
“MR. CRESPI: Your Honor, I would like to renew my motion at this time.
“THE COURT: Overruled.”
A witness, or defendant, when testifying in his own behalf, may be questioned on cross-examination for the purpose of attacking his credibility as a witness as to whether he has been convicted of a crime involving moral turpitude. Love v. State, 36 Ala.App. 693, 63 So.2d 285; Code of Alabama 1940, Title 7, §§ 434, 435.
Although evidence of convictions of crimes involving moral turpitude is admissible, the elicitation of details involved in such offenses are not. Ellis v. State, 244 Ala. 79, 11 So.2d 861 (1943); Garvin v. Robertson, 289 Ala. 60, 265 So.2d 602 (1972).
It is well-settled in this State that an objection to a question must be made as soon as the question is asked. Embrey v. State, 283 Ala. 110, 214 So.2d 567. Here the objection came too late. Carpenter v. State, 42 Ala.App. 618, 174 So.2d 336, and therefore was waived. Lucky v. State, 50 Ala.App. 324, 278 So.2d 772.
Because of the curative instructions of the trial judge, we are of the opinion that no error is shown. The appellant’s motion for a mistrial was properly overruled. Shadle v. State, 280 Ala. 379, 194 So.2d 538; Retowsky v. State, Ala.Cr.App., 333 So.2d 193; Napier v. State, Ala.Cr.App., 337 So.2d 62.
II
The appellant contends that certain remarks made by the district attorney during closing arguments to the jury were so prejudicial that such could not be cured by proper instructions by the trial court, and therefore appellant’s motion for a mistrial should have been sustained.
During the closing argument of the State, the following occurred (R. pp. 73-75):
“MR. BARBER [for the State]: You twelve people are taken away from your homes and your jobs and asked to come up here, and you twelve decide what is that worth. What is that stabbing and that taking worth, and all the other things that were mentioned that I see no reason to repeat. What is that worth? “The defendant, who told you from the stand yesterday, in 1970 was convicted of burglary, in 1972 convicted of .
“MR. CRESPI: May it please the Court, the defendant objects to this line of argument insofar as it seems to depart from what impeachment as to his prior convictions may be probably used for.”
The trial court initially overruled the appellant’s objection. Then, the court told both parties that he had not heard exactly what the State had said to the jury and asked both counsel to approach the bench. After both the State and the appellant had approached the bench and had a conversation with the court, out of the hearing of the jury, the following occurred (R. pp. 74-75):
“THE COURT: Ladies and gentlemen, as I understand the argument, the objection was based on the context of this portion of the argument that mentioned the prior convictions came immediately after, and I do instruct you not to consider any evidence of prior convictions of crime involving moral turpitude which I am going to instruct you on specifically when I charge you as to the law, but I do instruct you that the sole purpose for it, if any of that type evidence is as going to that person’s credibility as a witness, and if there is anything in Mr. Barber’s argument which you would construe had he argued it for any other purpose, I instruct you to disregard it.”
The appellant then moved for a mistrial which the trial court overruled.
*569 In its charge to the jury the trial court stated (R. p. 80):
“Now, these offenses are what is known to the law as crimes involving moral turpitude, and the sole purpose of admissibility into evidence, of this evidence, is, that it goes to his credibility as a witness That is the sole purpose for which that testimony is admitted.”
There is no legal rule against which such remarks made by the prosecutor can be measured. Smith v. State, 282 Ala. 268, 210 So.2d 826 (1968). The fact that the appellant had been convicted of such crimes was already in evidence. Although the appellant contends he was initially overruled after a timely objection, it is clear from the record that the trial court changed that ruling. While it is true that such evidence may not be used in determining the appellant’s guilt or in fixing his punishment if found guilty, the trial court properly recognized this and instructed the jury accordingly. We cannot say that “the remark [made by the State] was so prejudicial that it could not be cured by a proper ruling of the trial court.” Scott v. State, Ala.Cr.App., 333 So.2d 619.
Therefore we hold that appellant’s motion for a mistrial was properly overruled. Shadle v. State, supra.
Ill
The appellant contends that he was denied equal protection of law due to the “one for one” jury strike procedure used in Jefferson County, Alabama, in accordance with Section 714, Volume 14, Appendix, Code of Alabama 1940, applicable to counties with a population of 400,000 or more. The appellant contends that other counties are governed by the provisions of Title 30, Section 64, Code of Alabama 1940, in their jury strike procedure, which allows the defendant two jury strikes for each strike by the State.
Judge Bookout, speaking for this Court recently, in Liptroth v. State, Ala.Cr.App., 335 So.2d 683, cert. denied, Ala., 335 So.2d 685, on this precise issue made the following observation:
“We hold, as we have consistently held for the past forty years that § 714, Vol. 14, Appendix, Code of Alabama 1940, Recompiled 1958, does not violate the United States Constitution. Colston v. State, 57 Ala.App. 4, 325 So.2d 520 (1975), cert,
denied, 295 Ala. 398, 325 So.2d 531; Mallory v. State, 55 Ala.App. 82, 313 So.2d 203 (1975); Bryant and Williams v. State, 49 Ala.App. 359, 272 So.2d 286, cert, denied, 289 Ala. 740, 272 So.2d 297, cert, denied, 412 U.S. 922, 93 S.Ct. 2744, 37 L.Ed.2d 149 (1973); Junior v. State, 47
Ala.App. 518, 257 So.2d 844, cert, denied, 288 Ala. 744, 257 So.2d 852 (1972); Dixon v. State, 27 Ala.App. 64,167 So. 340, cert, denied, 232 Ala. 150, 167 So. 349 (1936).”
Under the above authorities we are clear to the conclusion that the trial court followed the proper jury strike procedure.
We have carefully examined this record as required by law and find no error therein. The judgment is
AFFIRMED.
HARRIS, DeCARLO and BOOKOUT, JJ., concur.
BOWEN, J., concurs in result.