WRIGHT, Presiding Judge.
This is an appeal from a judgment of divorce containing an order for sale and division of jointly-owned property.
There are some unusual aspects to this matter, to say the least, which require some examination and analysis by this court before our decision on the appeal is announced.
According to the record filed in this court, on September 30, 1974, Shirley McWilliams filed suit against her husband Donald McWilliams for divorce, custody of children, alimony and support. She requested that all property of the parties be given to her. On October 13, 1974, Donald filed an original suit for divorce against Shirley, requesting divorce, custody of children and sale and division of the home. To the suit of Donald, Shirley filed answer and cross-complaint. The cases were consolidated by the court on March 18, 1974. The matter was set for trial on the merits for January 21,1975 and was continued to January 28, 1975.
On July 22, 1976, Donald filed in the original case an “Instantor Motion for Possession of Homeplace and Restraining Order.” He alleged therein that on or about January 2, 1975 a hearing was held before Judge Zoghby who ordered “among other things” that custody of a minor child and exclusive possession of the homeplace be granted to Shirley; that said decree was never signed due to nonpayment of costs; that the parties thereafter resumed living together as husband and wife; Donald had been working in California during the spring and summer of 1976; in April of 1976, Shirley brought one Levi Young to the homeplace and there committed adultery with him; Young there abused and threatened the children; on June 11, 1976, Shirley abandoned the home and went with Young to parts unknown. An instantor order was requested giving to Donald the exclusive possession of the home and restraining Shirley from coming upon the premises. An order as requested was entered the same day as the motion was filed.
On September 20, 1976, a motion for rehearing was filed. It alleged the same matters as were alleged in the previous motion to restrain. It further alleged the depositing of $100 as advance court costs. It requested a rehearing of the cause upon the merits, the divesting of all title of Shirley in the homeplace, the granting of custody of a minor child to Donald, a determination of alimony rights of Shirley and the giving of all personal property to Donald. Affidavit as to the unknown whereabouts of Shirley was made and service of the motion by publication was requested. Certification of publication from October 4 through October 25, 1976 is shown in the record.
An order of court was entered December 15, 1976. That order began as follows:
“This cause coming on to be heard this day on motion for rehearing and motion to sell homeplace filed by the defendant, defendant appearing in court with counsel and the plaintiff failing to appear in court after service being had upon her by publication . . It is ordered that the motion for rehearing be granted; and that the oral ruling of the court on January 28, 1975 be and hereby is, amended as follows: . . ..”
The order then granted custody of Randall Williams to Donald. It directed that the homeplace be sold. A commissioner was appointed to make the sale. The net proceeds were ordered to be divided equally between the parties. Attorney for Donald was directed to redraft and submit to the court a judgment of divorce within 20 days, incorporating therein the ruling of the court made on January 28, 1975 as amended. It was further ordered that the case be placed on the trial disposition docket for February 2,1977 to see that there had been compliance with the order. Donald was directed to pay all cost within 20 days and within 10 days submit a brief, if he desired; showing what authority the court had to divest a wife of her interest in property.
*61 On the 7th day of February, 1977 a judgment of divorce was entered. It contained substantially the provisions of the previous order. In addition it held Donald had no duty to pay alimony to Shirley, made disposition of certain personal property, directed Donald to pay the notes and taxes on the home until sold and ordered Donald to pay a $350 attorney fee to the attorney who had represented Shirley in the original case filed in 1974.
The unusual nature of this case is obvious from what we have herein related. There were rulings, orders or judgments rendered in the original case in January, 1975. Apparently there was no judgment entry because costs were not paid. Perhaps such failure violated Rule 58(c), ARCP. That rule provides that entry of judgment or order shall not be delayed for the taxing of costs.
It is further evident that a motion for rehearing must depend upon a prior entered judgment or order. We are at a loss as to what authority the court possessed to rehear an order entered more than 30 days prior to the motion. Rule 59, ARCP. A last but not least observation relates to the authority for an order for sale and division of property without personal service upon the wife. Though the matters hereinabove commented upon are not involved in the appeal, they have been mentioned to prevent any conclusion by the reader that they have been approved by this court. We turn now to the issues presented on appeal.
Donald appeals from the judgment of February 7, 1977, presenting three issues for review. We shall dispose of them in the order presented in brief.
I
Sections 30-33, Title 34, Code of Alabama (1940) (Recomp.1958) are unconstitutional:
Sections 30-33 of Title 34 are the statutes relating to payment of alimony to the wife by the husband. We must first observe that these statutes have no relevance to an appeal from the judgment in this case. We have already indicated that the court found no duty upon Donald to pay alimony and there was no alimony ordered to be paid. Alimony and the statutes relating thereto are not issues subject to appeal.
We next observe that if such statutes were related to the judgment, there is no indication in the record before us that such matter was raised in the trial court. A constitutional question will usually not be considered when raised for the first time on appeal. Howard v. Pike, 290 Ala. 213, 275 So.2d 645 (1973); Dale v. Dale, 54 Ala.App. 505, 310 So.2d 225 (1975).
We finally observe that the issue of constitutionality of the alimony statutes was decided by this court in the case of Orr v. Orr, (Ala.Civ.App.1977) [Ms. 1006] March 16,1977.
II
Does adultery by the wife relieve the husband from all duty of support?
Again we note the absence of any basis for raising this issue. There was no award of alimony nor, in the absence of a transcript of evidence in the record before us, could we determine if adultery of the wife was established below. In addition, were it necessary to respond to the issue presented, we would say that proof of adultery does not prohibit the discretionary award of alimony and support to the wife. Owens v. Owens, 281 Ala. 239, 201 So.2d 396 (1967).
III
Does the trial court have discretion to divest title of wife in jointly-owned property?
The qualified answer to issue III is yes. Rayburn v. Rayburn, 46 Ala.App. 552, 246 So.2d 82 (1971). Conversely, the court also has the discretion to divest title from the wife. Stewart v. Stewart, 341 So.2d 490 (Ala.Civ.App.1977). Body v. Body, 47 Ala.App. 443, 256 So.2d 184 (1971). Though unpronounced by Mr. McWilliams’ brief on appeal, we assume that the theory behind the presenting of each of the issues stated *62 is that the ordering of the sale and division of the proceeds is that giving anything to the wife in this case is the giving of alimony. Such theory is obviously incorrect. There is a clear and distinct difference in the division of property and the payment of alimony. The court here merely gave to the wife what she had title to already.
We find no merit in any of the issues presented on appeal.
Motion by appellee for attorney’s fee on appeal is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.